IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | |
|---|---|
| SCRIPT SECURITY SOLUTIONS L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | The Honorable |
| v. ) | Rodney Gilstrap |
| ) | |
| AMAZON.COM, INC. and ) | No. 2:15-CV-1030 –JRG |
| AMAZON.COM, LLC, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |
| ) | |

**AMAZON'S MOTION TO DISMISS FOR IMPROPER VENUE
OR, IN THE ALTERNATIVE, FOR FAILURE TO
<u>PROPERLY PLEAD WILLFULNESS AND INDIRECT INFRINGEMENT</u>**

# TABLE OF CONTENTS

INTRODUCTION --------------------------------------------------------------------------------1

STATEMENT OF FACTS -----------------------------------------------------------------------2

     A.    Amazon Has No Physical Presence in
           the Eastern District of Texas. ----------------------------------------2

     B.    Script Accuses Amazon of Directly, Indirectly, and
           Willfully Infringing.------------------------------------------------------2

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT --------------------------4

ARGUMENT------------------------------------------------------------------------------------------4

    I.    SCRIPT'S CLAIMS AGAINST AMAZON SHOULD BE
         DISMISSED FOR IMPROPER VENUE. --------------------------------4

     A.    Section 1400(b) Alone Governs  Venue for Patent
           Cases.---------------------------------- **Error! Bookmark not defined.**

     B.    Script Filed Its Claims Against Amazon in this
           District in Violation of Section 1400(b). ------------------------------6

         i.    Amazon Does Not "Reside" in Texas. ------------------------6

         ii.    Amazon Does Not Have a "Regular
             and Established Place of Business"
             in this District. ----------------------------------------------------7

         iii.    Venue Is Not Proper Under
             28 U.S.C. § 1391.------------------------------------------------9

    II.    IF THE COURT DOES NOT DISMISS THIS CASE FOR
         IMPROPER VENUE, SCRIPT'S WILLFULNESS AND
         INDIRECT INFRINGEMENT ALLEGATIONS
         SHOULD BE DISMISSED. .....................................................13

     A.    Script's Willful Infringement
           Claim Should Be Dismissed.------------------------------------- 13

         i.    The Complaint Lacks Factual Allegations
             Supporting a Plausible Inference of
             Objective Recklessness and Subjective
             Knowledge.----------------------------------------------------- 13

         ii.    The Complaint Also Does Not Plausibly
             Allege That Amazon Had Pre-Suit
             Knowledge of the Asserted Patents. ------------------------ 17

     B.    Script's Indirect Infringement
           Claims Should Be Dismissed. ----------------------------------- 18

                i.       The Complaint Lacks Factual Allegations That Would Plausibly Establish the Requisite Knowledge and Specific Intent To Induce Infringement. ------------------------------ 18

                ii.      The Complaint Lacks Factual Allegations That Would Plausibly Establish the  Predicates for a Contributory Infringement Claim. --------------------------- 21

      C.      Alternatively, Script Should Be Required To Provide a More Definite Statement of its Willfulness and Indirect Infringement Claims.---------------------- 22

CONCLUSION ------------------------------------------------------------------------------------- 23

# TABLE OF AUTHORITIES

*Cases:*                                                                                              *Page(s):*

*Achates Reference Pub., Inc. v. Symantec Corp.*,
   No. 2:11-CV-294-JRG-RSP, 2013 WL 693955
   (E.D. Tex. Jan. 10, 2013) -------------------------------------------------------------------- 18

*Alessandra v. Colvin*,
   No. 12CV397A, 2013 WL 4046295 (W.D.N.Y. Aug. 8, 2013) ------------------------ 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) --------------------------------------------------------------------- *passim*

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*,
   134 S. Ct. 568 (2013) --------------------------------------------------------------------6, 10, 12

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*,
   682 F.3d 1003 (Fed. Cir. 2012) ----------------------------------------------------------- 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) -------------------------------------------------------------------- 2, 20-22

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
   406 U.S. 706 (1972) ------------------------------------------------------------------------------5

*Cheng v. Schlumberger*,
   No. C 13-02641 JSW, 2013 WL 5814272 (N.D. Cal. Oct. 29, 2013) ------------------ 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) --------------------------------------------------------------------- 19-21

*Cooper v. Dep't of the Army*,
   No. 4:13CV3086, 2013 WL 6631618 (D. Neb. Dec. 17, 2013) ------------------------ 11

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985) ---------------------------------------------------------------7

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-cv-751-JDL, D.I. 60 at p. 7 (E.D. Tex. June 3, 2015) ------------------------ 20

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ----------------------------------------------------------------------------9

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ----------------------------------------------------------- 18

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957) ------------------------------------------------------------------- *passim*

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ------------------------------------------------------ 21

*Funimation Entm't. v. Does 1-1,427*,
  No. 2:11-cv-00269-JRG, 2013 WL 5200453 (E.D. Tex. Sept. 16,
  2013) ------------------------------------------------------------------------------------------ 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) --------------------------------------------------------------- 19-21

*Henson v. Fidelity Nat'l. Fin., Inc.*,
  No. 1:13-CV-01452-AWI-JLT, 2014 WL 641978
  (E.D. Cal. Feb. 18, 2014)----------------------------------------------------------------- 11

*InMotion Imagery Techs. v. Brain Damage Films*,
  No. 2:11-CV-414-JRG, 2012 WL 3283371
  (E.D. Tex. Aug. 10, 2012) -------------------------------------------------------------- 15

*Kinetic Instruments, Inc. v. Lares*,
  802 F. Supp. 976 (S.D.N.Y. 1992)----------------------------------------------------------7

*Loyalty Conv. Sys. Corp. v. American Airlines, Inc.*,
  No. 2:13-cv-655, 2014 WL 4354130 (E.D. Tex. Sept. 2, 2014) ----------------------7, 8

*Magee v. Essex-Tec Corp.*,
  704 F. Supp. 543 (D. Del. 1988) ------------------------------------------------------------8

*Michod v. Walker Magnetics Grp., Inc.*,
  115 F.R.D. 345 (N.D. Ill. 1987)-----------------------------------------------------------------8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012) ------------------------------------------------------ 16

*Oasis Research, LLC v. Adrive, LLC*,
  No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483
  (E.D. Tex. May 23, 2011)------------------------------------------------------------------ 14

*Schnell v. Peter Eckrich & Sons, Inc.*,
  365 U.S. 260 (1961) ---------------------------------------------------------------------5, 6

*Schoofs v. Union Carbide Corp.*,
  633 F. Supp. 4 (E.D. Cal. 1985)-----------------------------------------------------------9

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) --------------------------------------------------------13,17

-iv-

*Stonite Prods. Co. v. Melvin Lloyd Co.*,
    315 U.S. 561 (1942) ------------------------------------------------------------------------- 5

*Swierkiewicz v. Sorema NA.*,
    534 U.S. 506 (2002) ------------------------------------------------------------------------ 22

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
    785 F.3d 625 (Fed. Cir. 2015) ------------------------------------------------------------- 20

*Touchscreen Gestures LLC v. Research in Motion Ltd.*,
    No. 6:12-CV-263-MHS, 2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) ---------- 17, 18

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366 ----------------------------------------------------------------------------- 14, 20

*Underwater Devices Inc. v. Morrison-Knudsen Co.*,
    717 F.2d 1380 (Fed. Cir. 1983) ----------------------------------------------------------- 17

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ------------------- 16

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir. 1990) ---------------------------------------------------------- 10, 11

*Statutes and Rules:*

12 U.S.C. § 2614 ------------------------------------------------------------------------------------- 11

28 U.S.C. § 1391 ----------------------------------------------------------------------------- *passim*

28 U.S.C. § 1400 ----------------------------------------------------------------------------- *passim*

35 U.S.C. § 271 ----------------------------------------------------------------------------------- 18

Fed. R. Civ. P. 12 ------------------------------------------------------------------------------- 5, 22

**INTRODUCTION**

Defendants Amazon.com, Inc. and Amazon.com, LLC (collectively "Amazon") respectfully move under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) to dismiss due to improper venue.  Alternatively, Amazon moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Script Security Solutions L.L.C.'s ("Script") claims for willfulness and indirect patent infringement.

The Court should dismiss this case for improper venue because Amazon has no relevant ties to the Eastern District of Texas.  Under 28 U.S.C. § 1400(b), a corporation may be sued for patent infringement only where it "resides" or, alternatively, where the corporation has allegedly committed acts of infringement *and* has a regular and established place of business.  In the context of Section 1400(b), the Supreme Court has interpreted "resides" to mean "the state of incorporation only."  *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957).  As discussed below, Amazon incorporated in the state of Delaware and does not have a regular and established place of business in this District.  As a result, pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), the Court should dismiss Script's claims against Amazon.

If the Court does not dismiss this case despite it having been improperly filed in this District, the Court should nevertheless dismiss Script's willfulness and indirect infringement allegations.  Script's allegations contain nothing more than threadbare accusations unsupported by any facts.  As a result, these allegations do not state plausible claims for relief against Amazon for willful infringement, induced infringement, or contributory infringement.  Those claims should therefore be dismissed for failing to

meet the pleading standards of the Federal Rules of Civil Procedure as interpreted by the

Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## STATEMENT OF FACTS

### A.    Amazon Has No Physical Presence in the Eastern District of Texas.

Amazon is a Delaware corporation with a principal place of business in Seattle,

Washington.  (Complaint ¶¶ 2-3.)  Although Amazon has facilities in Texas, none of

those facilities are located in the Eastern District of Texas.  (Declaration of Lara Rogers

("Rogers Decl.") ¶ 4.)  While Amazon previously considered leasing an office complex

in Plano, Texas, ultimately, Amazon did not lease any such office in Plano or anywhere

else in the Eastern District of Texas. (*Id.*)

### B.    Script Accuses Amazon of Directly, Indirectly, and Willfully Infringing.

Script's Complaint accuses Amazon of directly, indirectly, and willfully

infringing U.S. Patent Nos. 6,542,078 ("the '078 patent") and 6,828,909 ("the '909

patent").  (Complaint ¶¶ 10, 15, 18-19, 24.)  Script alleges that Amazon directly infringes

both the '078 patent and the '909 patent as "Amazon made, had made, used, imported,

provided, supplied, distributed, sold, and/or offered for sale products and/or systems

including, at least, the Insteon Connected Home Automation Starter Kit, Insteon Starter

Kit, Insteon TriggerLinc Wireless Sensor, Insteon Wireless Motion Sensor, Oplink

AlarmShield and Oplink TripleShield Home Security systems (the 'accused products')."

(Complaint ¶¶ 10, 15.)

With respect to Script's willfulness allegations, Script alleges that "Amazon knew of the 078 and 091 patents before the filing of this action."[1]  (Complaint ¶ 20.)  Script also apparently believes that Amazon instructs its employees to not review the patents of others, alleging, "Furthermore, Amazon has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Script's patent rights."  (Complaint ¶ 22.)  Script fails to identify any factual information that gives rise to this alleged belief.

With respect to Script's indirect infringement allegations, Script alleges both induced and contributory infringement.  For inducement, Script fails to identify a single specific fact relating to conduct by Amazon, instead offering only conclusory allegations:

> Amazon has also indirectly infringed the 078 and 091 patents by inducing others to directly infringe the 078 and 091 patents. Amazon has induced the end-users to directly infringe (literally and/or under the doctrine of equivalents) the 078 and 091 patents by using the accused products.  Amazon took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 078 and 091 patents.  Such steps by Amazon included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.  This induces end-users to use the accused products in a manner that infringes the 078 and 091 patents. Amazon's inducement is ongoing.

(*Id.* ¶ 18.)   Similarly, Script's contributory infringement allegation also consists of conclusory allegations that the accused products have special features that are designed to

---

[1] Script alleges infringement of the '078 and the '909 patent, but incorrectly refers to the '909 patent as "the 091 patent" throughout much of the Complaint.

be used in an infringing manner and that these features have no substantial non-infringing

uses:

> Amazon has also indirectly infringed by contributing to the infringement of the 078 and 091 patents.  Amazon has contributed to the direct infringement of the 078 and 091 patents by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 078 and 091 patents.  The special features include the ability of users to remotely receive notifications when an alarm that detects motion (including motion of a window or door) is triggered in a manner that infringes the 078 and 091 patents.  The special features constitute a material part of the invention of one or more of the claims of the 078 and 091 patents and are not staple articles of commerce suitable for substantial non-infringing use. Amazon's contributory infringement is ongoing.

(*Id.* ¶ 19.)

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether venue is proper against Amazon in this District under 28 U.S.C. §

1400(b) and, if so, whether the case should be dismissed.[2]  In the alternative, whether

Script's willfulness and indirect infringement allegations should be dismissed.

## ARGUMENT

**I.      SCRIPT'S CLAIMS AGAINST AMAZON SHOULD BE DISMISSED FOR IMPROPER VENUE.**

A long line of Supreme Court cases leaves no doubt that Section 1400(b) is the

sole and exclusive venue provision in patent infringement actions.  Because Script cannot

meet its burden of establishing that venue is proper in this District under Section 1400(b),

---

[2] Amazon has filed pending motions seeking similar relief with this Court.  *See, e.g.*, Case No. 6:14-cv-00992-JRG, D.I. 23; Case No. 6:15-cv-00020-RWS, D.I. 21; Case No. 6:15-cv-00152-JRG, D.I. 29; Case 2:15-cv-00598-JRG, D.I. 15.

the Court should dismiss Script's claims against Amazon pursuant to Fed. R. Civ. P. 12(b)(3).

### A.  Section 1400(b) Alone Governs Venue for Patent Cases.

Title 28 U.S.C. § 1400(b), which has not changed since 1948, provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Section 1400(b) has its origins in the Act of 1897, which Congress enacted as a result of venue abuses "to define the exact jurisdiction of the federal courts in actions to enforce patent rights."  *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 565 (1942) (citing H. Rpt. No. 2905, 54th Cong., 2d Sess. (1897)).  Since then, the Supreme Court has consistently held that: (1) Section 1400(b) is the exclusive provision controlling venue in patent cases; and (2) Section 1400(b) is not supplemented by the general venue statute, 28 U.S.C. § 1391.  *See, e.g.*, *Stonite*, 315 U.S. at 563, 567 ("[the patent venue statute] is the exclusive provision controlling venue in patent infringement proceedings" and "[the general venue provision] is, of course, not applicable to patent infringement proceedings"); *Fourco*, 353 U.S. at 229 ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)."); *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (Section 1400(b) was "designed 'to define the exact jurisdiction of the [] courts in [patent infringement] matters, and not to 'dovetail with the general (venue) provisions'") (citations omitted); *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 712 (1972) ("[I]n 1897 Congress placed patent

infringement cases in a class by themselves, outside the scope of general venue legislation."); *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply. *Cf.*, *e.g.*, § 1400 (identifying proper venue for copyright and patent suits.).").

The Supreme Court case law is clear: Section 1400(b) alone controls venue in patent infringement actions.

### B.    Script Filed Its Claims Against Amazon in this District in Violation of Section 1400(b).

Under 28 U.S.C. § 1400(b), Script's claims against Amazon can be brought in this District only if Amazon: (1) "resides" in this District, or (2) "has committed acts of infringement and has a regular and established place of business" in this District.  The Supreme Court has cautioned that "the language of [Section 1400(b)] is clear and specific" in defining venue requirements for patent cases.  *Schnell*, 365 U.S. at 262-64.

Script bears the burden of establishing that venue is proper in this District under either prong of Section 1400(b).  *Funimation Entm't. v. Does 1-1,427*, No. 2:11-cv-00269-JRG, 2013 WL 5200453, at *2 (E.D. Tex. Sept. 16, 2013).  Script cannot meet this burden.

### i.    Amazon Does Not "Reside" in Texas.

The Supreme Court has explained that the word "resides" in Section 1400(b) "in respect of corporations, mean[s] the state of incorporation only."  *Fourco*, 353 U.S. at 226.  Script acknowledges that Amazon is incorporated in Delaware.  (Complaint ¶ 2.)

Thus, Amazon does not "reside" in Texas for the purposes of venue under the first prong of Section 1400(b).

### ii. Amazon Does Not Have a "Regular and Established Place of Business" in this District.

Because Amazon is not incorporated in Texas, venue is improper unless Script can show under the second prong of Section 1400(b) that Amazon "has a regular and established place of business" in the Eastern District of Texas.  Script cannot make that showing.

"[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there."  *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).  Merely "doing business" in a district is not sufficient to constitute a "regular and established place of business" under Section 1400(b).  *See, e.g.*, *Fourco*, 353 U.S. at 226 (noting Congress's intent to "make corporations [not] suable, in patent infringement cases, where they are merely 'doing business'").  Indeed, district courts have required the existence of a physical location in determining venue under Section 1400(b).  *See, e.g.*, *Loyalty Conv. Sys. Corp. v. American Airlines, Inc.*, No. 2:13-cv-655, 2014 WL 4354130, at *1, 5 (E.D. Tex. Sept. 2, 2014) (corporate defendant that had no office, other physical presence, or employees in this District "[did] not have a 'regular and established place of business' in the Eastern District of Texas" under Section 1400(b), although venue was determined to be proper under Section 1391); *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 987 (S.D.N.Y.

1992) (Section 1400(b) not satisfied where there was no allegation that defendant "carries on business on a permanent basis in a physical location [within the district] over which it has some control"); *Michod v. Walker Magnetics Grp., Inc.*, 115 F.R.D. 345, 347 (N.D. Ill. 1987) (defendant "has a regular and established place of business in a judicial district only if it actually has a place of business there; activities such as the maintenance of independent sales agents, visits by company representatives, and the solicitation of orders are not enough"); *Magee v. Essex-Tec Corp.*, 704 F. Supp. 543, 545 (D. Del. 1988) ("[W]here a defendant has a fixed business location evidenced by a business phone, letterheads and, in fact, carries on activities connected with the business at that location, then it has a regular and established place of business.").

Here, Script does not allege facts showing that Amazon has "a permanent and continuous presence" in the Eastern District of Texas.  Moreover, Script does not allege that Amazon has facilities in this District.  In fact, Amazon has never established a place of business of any kind in this District.  (Rogers Decl. ¶ 4.)  Script's only contentions regarding Amazon's alleged presence in this District are that Amazon supposedly "has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district" and that Amazon allegedly has "substantial business in this forum." (Complaint ¶¶ 6, 7.)

Even if these conclusory allegations were true, they are not sufficient to meet the "permanent and continuous presence" requirement.  Although Amazon offers products and services to customers across the country, this type of nationwide commerce is not a "permanent" or "continuous" presence in this District.  *See, e.g.*, *Loyalty Conv.*, 2014 WL

-8-

4354130, at *1, 5 (venue was not proper under Section 1400(b) even though corporate defendant "ma[de] sales to persons residing in the district and offer[ed] loyalty award credits to those customers," although venue was determined to be proper under Section 1391); *Schoofs v. Union Carbide Corp.*, 633 F. Supp. 4, 6 (E.D. Cal. 1985) (venue not proper under Section 1400(b) where all sales made within district were "subject to approval and acceptance" from headquarters outside of the district, no inventory was regularly maintained within the district, and products were shipped directly to customers from a factory outside of the district).  Instead, Amazon's activities are straightforward examples of "merely 'doing business'" that the Supreme Court has made clear cannot satisfy Section 1400(b).  *Fourco*, 353 U.S. at 226 (noting that Congress's treatment of the words "inhabitant" and "resident" as synonymous "seem[ed] to negative any intention to make corporations suable, in patent infringement cases, where they are merely 'doing business,' because those synonymous words mean domicile, and, in respect of corporations, the state of incorporation only"); *cf. Daimler AG v. Bauman*, 134 S. Ct. 746, 762 n.20 (2014) (explaining, with respect to general jurisdiction, that "[a] corporation that operates in many places can scarcely be deemed at home in all of them.").  Script has not met and cannot meet its burden to show that venue is proper in the Eastern District of Texas with respect to Amazon under Section 1400(b).

### iii.   Venue Is Not Proper Under 28 U.S.C. § 1391.

In addition to Section 1400(b), Script's Complaint cites 28 U.S.C. § 1391—the general venue provision for civil actions—as a basis for venue in this District. (Complaint ¶ 6.)  As detailed above, the Supreme Court has repeatedly held—as recently

as 2013—that Section 1400, not Section 1391, governs venue in patent cases.  *Atl. Marine*, 134 S. Ct. at 577 n.2 ("Section 1391 governs 'venue generally,' that is in cases where a more specific venue provision does not apply. *Cf.*, *e.g.*, § 1400 (identifying proper venue for copyright and patent suits.).").

Script may attempt to rely on *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), to argue that Section 1391 supplements Section 1400's definition of "reside."  In *VE Holding*, the Federal Circuit focused on the impact of a 1988 amendment to Section 1391: Congress added the phrase "[f]or purposes of venue under this chapter" to Section 1391's definition of corporate residence.  917 F.2d at 1578. The Federal Circuit acknowledged that, prior to this amendment, the Supreme Court had consistently held that "the meaning of the terms used in § 1400(b) was not to be altered or supplemented by other provisions found in the venue statutes."  *Id*. at 1577.  However, the Federal Circuit viewed Section 1391's new language as "exact and classic language of incorporation" that supplanted the Supreme Court precedent, which applied to "different statutory language."  *Id*. at 1579.  Thus, the Federal Circuit interpreted the 1988 amendment as evidencing congressional intent to apply Section 1391's definition of corporate residency to all sections within Chapter 87 of Title 28—including Section 1400(b).  *Id*. at 1580.

Amazon contends that *VE Holding* was decided wrongly and against the unambiguous Supreme Court authority discussed above.  *See, e.g.*, *Fourco*, 353 U.S. at 229 ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the

-10-

provisions of 28 U.S.C. § 1391(c).").  But this Court is not required to answer that question because a more recent amendment to Section 1391 has rendered *VE Holding* moot.

In 2011, Congress amended Section 1391 to remove the "[f]or purposes of venue under this chapter" language, specifying instead that the Section applies "[e]xcept as otherwise provided by law."  As a result, Section 1391(a) now reads: "*Except as otherwise provided by law*—(1) this section shall govern the venue of all civil actions brought in district courts of the United States."  28 U.S.C. § 1391(a) (emphasis added). Thus, Congress has definitively eliminated *VE Holding*'s basis for treating Sections 1391 and 1400 as complementary.

This 2011 amendment leaves no doubt that Section 1391 *does not apply* if a venue statute specific to the type of civil action at issue exists.  Trial courts considering venue challenges in other areas of law have interpreted amended Section 1391 as confirming that if a more specific venue statute exists, that statute—not Section 1391—controls. *See*, *e.g.*, *Henson v. Fidelity Nat'l. Fin., Inc.*, No. 1:13-CV-01452-AWI-JLT, 2014 WL 641978, at *3 (E.D. Cal. Feb. 18, 2014) (concluding that venue provision from Real Estate Settlement Procedures Act, 12 U.S.C. § 2614, controlled, not Section 1391); *Cooper v. Dep't of the Army*, No. 4:13CV3086, 2013 WL 6631618, at *5 (D. Neb. Dec. 17, 2013) (venue provision from Title VII, 42 U.S.C. § 2000e-5(f)(3) controlled, not Section 1391); *Cheng v. Schlumberger*, No. C 13-02641 JSW, 2013 WL 5814272, at *2 (N.D. Cal. Oct. 29, 2013) (venue provision from Title VII, 42 U.S.C. § 2000e-5(f)(3) controlled, not Section 1391); *Alessandra v. Colvin*, No. 12CV397A, 2013 WL 4046295,

at *2 (W.D.N.Y. Aug. 8, 2013) (venue provisions from Social Security Act controlled, not Section 1391).

The same is true for patent actions.  Venue in patent actions is "otherwise provided by law"—it is provided by Section 1400(b), the specific patent venue provision. The Supreme Court has confirmed that "§ 1400 (identifying proper venue for copyright and patent suits)" is the "more specific venue provision" that applies to patent cases.  *Atl. Marine*, 134 S. Ct. at 577 n.2.  In contrast, "Section 1391 governs 'venue generally,' that is in cases where a more specific venue provision does not apply."  *Id.*

The primacy of Section 1400 over Section 1391 for patent actions is consistent with the canon of statutory interpretation that a specific statute applies over a general statute.  *See, e.g.*, *Fourco*, 353 U.S. at 228 ("[Section] 1391(c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable, specifically, to all defendants in . . . patent infringement actions").  It is also consistent with logic, because the two venue provisions cannot be complementary.  For example, Section 1400(b) has been consistently interpreted as barring an infringement suit against a corporation in a district outside its state of incorporation unless the corporation has a regular and established place of business (and has committed acts of infringement) in that district.  *Id.* at 226.  Section 1391(c) would remove that protection if applied to patent suits.  And if Section 1391(c)'s definition of "residency"—any district in which a defendant is subject to personal jurisdiction—is applied to corporations under Section 1400(b), Section 1400(b)'s second prong would be entirely superfluous.  Sections 1391(c) and 1400(b)

cannot work together.   As the Supreme Court has recognized, Section 1400(b) alone controls venue for patent actions.

For the reasons discussed above, venue in this District is improper with respect to Amazon under Section 1400(b), and Section 1391 does not apply.   Script's claims against Amazon should be dismissed for improper venue.

## II.   IF THE COURT DOES NOT DISMISS THIS CASE FOR IMPROPER VENUE, SCRIPT'S WILLFULNESS AND INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED.

### A.   Script's Willful Infringement Claim Should Be Dismissed.

Script's willfulness claim should be dismissed because Script fails to plead facts that state a plausible claim for relief.   As an initial matter, the Complaint is entirely devoid of factual assertions that would plausibly support a conclusion that Amazon's conduct meets either prong of the *Seagate* willfulness test.   *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).   The Complaint also does not sufficiently allege that Amazon had the requisite pre-suit knowledge of the '078 and the '909 patents.   Therefore Script's claims of willful infringement should be dismissed on that ground as well.

#### i.   The Complaint Lacks Factual Allegations Supporting a Plausible Inference of Objective Recklessness and Subjective Knowledge.

The Complaint lacks any factual allegations establishing a plausible assertion of willful infringement under the *Seagate* willfulness test.   *In re Seagate*, 497 F.3d at 1371. To establish willful infringement, a patentee must demonstrate actual infringement, as well as: (1) an objectively high likelihood that the accused infringer's activities constituted infringement of a valid patent (i.e., objective recklessness); and (2) either

-13-

subjective knowledge by the accused infringer of the risk of infringement, or a risk that was so obvious, the accused infringer should have known of it.  *Id*.; *see also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc*., 682 F.3d 1003, 1005-06 (Fed. Cir. 2012).  At the pleading stage, a plaintiff must plead facts sufficient to demonstrate that it is plausible—not merely possible—that it will be able to prove that both the objective and subjective prongs of the willfulness inquiry are met.  *See Iqbal*, 556 U.S. at 678.

First, Script attempts to hide its lack of a factual basis for its willfulness claim by alleging that "Amazon has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus been willfully blind of Script's patent rights."  (Complaint ¶ 22.)  Script makes the conclusory statement that "Amazon's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Amazon."  (*Id.* ¶ 23.)  But Script fails to plead a single fact that provides a basis for a belief that Amazon has such a policy or that Amazon acted despite an objectively high likelihood that Amazon's activities constituted infringement of a valid patent.  *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013) (dismissal of willful infringement claim warranted where "USEI's allegation is devoid of any facts that create an inference of Yamaha's objective recklessness; it only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe"); *see also Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14–15 (E.D. Tex. May 23, 2011) (granting motion to dismiss willfulness allegations

-14-

where "[t]he allegations in the Complaint state that Defendants were aware of and intentionally infringed the '354 and '943 patents. Oasis provides no further detail regarding the alleged willful infringement by Defendants.   The Court finds such allegations to be conclusory."); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (complaint dismissed for not alleging any particular facts that would demonstrate InMotion's good faith basis for alleging willful infringement).   Accordingly, Script pleads no facts showing that Amazon acted with objective recklessness, and for that reason, Script's willful infringement claims should be dismissed.

Second, Script pleads no facts showing that Amazon actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.   Again, Script alleges only that Amazon has a policy of not reviewing the patents of others.   (Complaint ¶ 22.)   Thus, Script's willfulness allegation amounts to nothing more than a conclusory assertion that fails to set forth facts to show that Script has a plausible claim to relief for willful infringement.   *Iqbal*, 556 U.S. at 678 (holding that unsupported legal conclusions are insufficient to defeat a motion to dismiss).   Indeed, the conclusory and unsupported nature of these allegations is underscored by the fact that Script has made the ***exact same allegation*** of this alleged policy in sixteen related cases that it recently filed in the Eastern District of Texas.[3]

---

[3] See Script Sec. Solutions, L.L.C. v. Monitotronics Int'l, Inc., 2:2015-cv-00376 (D.I. 12 ¶ 26); Script Sec. Solutions, L.L.C. v. Simplisafe, Inc., 2:2015-cv-00378 (D.I. 11 ¶ 26); Script Sec. Solutions, L.L.C. v. Lifeshield Security LLC, 2:2015-cv-00375 (D.I. 14 ¶ 29); Script Sec. Solutions, L.L.C. v. ADT, LLC, 2:2015-cv-00369 (D.I. 9 ¶ 26); Script Sec. Solutions, L.L.C. v. Protection One Alarm Monitoring, Inc., 2:2015-cv-00377 (D.I.

Other district courts have held that such general allegations are insufficient to "plausibly support the conclusion that [a defendant] 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and that [defendant] knew or should have known that [its] actions constituted infringement of a valid patent." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) ("A complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory[.]"); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *6 (N.D. Cal. May 18, 2012) (granting motion to dismiss where plaintiff had "neglected to identify any affirmative actions taken by TIBCO to avoid gaining actual knowledge of the '864 patent").

Script's allegation that "Amazon's direct and indirect infringement of the 078 and 091 patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Script's rights under the patent" (Complaint ¶ 24) is thus a bare legal conclusion of the type expressly prohibited by *Iqbal*. Script fails to identify,

---

12 ¶ 26); Script Sec. Solutions, L.L.C. v. CenturyLink, Inc., 2:2015-cv-00371 (D.I. 10 ¶ 26); Script Sec. Solutions, L.L.C. v. DEI Holdings, Inc., 2:2015-cv-00373 (D.I. 12 ¶ 27); Script Sec. Solutions, L.L.C. v. Panasonic Corp. of North America, 2:2015-cv-01032 (D.I. 1 ¶ 21); Script Sec. Solutions, L.L.C. v. Vtech Commc'ns, Inc., 2:2015-cv-01035 (D.I. 1 ¶ 21); Script Sec. Solutions, L.L.C. v. FrontPoint Sec. Solutions, LLC, 2:2015-cv-00374 (D.I. 11 ¶ 26); Script Sec. Solutions, L.L.C. v. Comcast Corp., 2:2015-cv-00372 (D.I. 13 ¶ 27); Script Sec. Solutions, L.L.C. v. Vivint, Inc., 2:2015-cv-00368 (D.I. 11 ¶ 26); Script Sec. Solutions, L.L.C. v. AT&T Digital Life, Inc., 2:2015-cv-00370 (D.I. 14 ¶ 27); Script Sec. Solutions, L.L.C. v. Time Warner Cable Enterprises LLC, 2:2015-cv-01033 (D.I. 1 ¶ 25); Script Sec. Solutions, L.L.C. v. Best Buy Stores L.P, 2:2015-cv-01031 (D.I. 1 ¶ 20); Script Sec. Solutions, L.L.C. v. Cellco P'ship, 2:2015-cv-01034 (D.I. 1 ¶ 27).

explain, or allege any factual basis for the required subjective knowledge by the accused infringer of the risk of infringement, or of a risk that was so obvious that the accused infringer should have known of it, and thus the claim is "insufficient to establish a willful infringement claim." *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-CV-263-MHS, 2013 WL 8505349, at *5 (E.D. Tex. Mar. 27, 2013).  Instead, Script's theory of willfulness, which arises from Amazon allegedly not seeking out the patents of others, essentially seeks to reinstate the "negligence" standard of willfulness that was rejected in *Seagate*.  *Seagate*, 497 F.3d at 1371 (rejecting the negligence standard and affirmative duty of care that was the law under *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983)).  Accordingly, Script's Complaint fails to state plausible assertion of willful infringement under the *Seagate* willfulness test and, instead, is merely "a formulaic recitation of the elements of a cause of action" that should be dismissed.

### ii.    The Complaint Also Does Not Plausibly Allege That Amazon Had Pre-Suit Knowledge of the Asserted Patents.

The Complaint also does not sufficiently allege that Amazon had the requisite pre-suit knowledge of the '078 and'909 patents.  In this regard, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."  *Seagate*, 497 F.3d at 1371.  Thus, Script's barebones allegation that "Amazon knew of the 078 and 091 patents before the filing of this action" is legally insufficient on its face.  (Complaint ¶ 20.)  Script fails to identify, explain, or allege any factual basis for its claim that Amazon knew of the patents.  Script

also alleges that Amazon "has knowledge of the 078 and 091 patents at least as of the date when it was notified of the filing of this action.  (*Id.* ¶ 21.)  But allegations of post-filing knowledge are insufficient to plead willful infringement.  *Touchscreen Gestures*, 2013 WL 8505349, at *2 ("Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim.").  Accordingly, Script's willful infringement claims should be dismissed.

### B.   Script's Indirect Infringement Claims Should Be Dismissed.

#### i.   The Complaint Lacks Factual Allegations That Would Plausibly Establish the Requisite Knowledge and Specific Intent To Induce Infringement.

"Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  For a claim of induced infringement to survive a motion to dismiss, the party's complaint must include facts that show: (1) direct infringement by another; and (2) the defendant specifically intended their customers to infringe the patent and knew that the customer's acts constituted infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.") (internal quotations omitted); *see also Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *2 (E.D. Tex. Jan. 10, 2013), *report & recommendation adopted*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013).  In this regard, the Supreme Court recently made it expressly clear that a claim for induced infringement "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent

-18-

infringement.'"  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1922 (2015)

(quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)).  As

the Supreme Court emphasized, a claim of induced infringement "requires proof the

defendant knew the acts were infringing.  And the Court's opinion [in *Global Tech*] was

clear in rejecting any lesser mental state as the standard."  *Commil*, 135 S. Ct. at 1928.

Yet Script's Complaint contains no factual allegations that even hint at the requisite

knowledge and specific intent by Amazon to induce infringement.  The induced

infringement claims should therefore be dismissed.

Script's allegations regarding inducement state that Amazon "took active steps,

directly and/or through contractual relationships with others, with the specific intent to

cause them to use the accused products in a manner that infringes the 078 and 091

patents" because:

> Such steps by Amazon included, among other things, advising or
> directing customers and end-users to use the accused products in
> an infringing manner; advertising and promoting the use of the
> accused products in an infringing manner; and/or distributing
> instructions that guide users to use the accused products in an
> infringing manner.  This induces end-users to use the accused
> products in a manner that infringes the 078 and 091 patents.

(Complaint ¶ 18.)

These conclusory statements are entirely bereft of: (1) any allegation that Amazon

knew that third parties were infringing the patents, much less factual allegations that

would support such a bare conclusion; (2) any factual allegation supporting Script's bare

assertion that Amazon acted with the requisite specific intent; and (3) any factual

allegation supporting Script's bare assertion that Amazon even knew of the patents before

the Complaint was filed.  Such sparse and conclusory allegations are insufficient to

support an induced infringement claim. *See Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630 (Fed. Cir. 2015) (providing "a lawful product by lawful means, [even] with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement.") (internal quotation marks omitted); *U.S. Ethernet Innovations*, 2013 WL 8482270, at *4 (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-751-JDL, D.I. 60 at p. 7 (E.D. Tex. June 3, 2015) (recommending granting Apple's motion to dismiss induced infringement because "generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim").

Furthermore, Script's allegations are primarily legal conclusions, and they do no more than recite the required elements for a claim of induced infringement.  Such "'naked assertion[s]' devoid of 'further factual enhancement'" should be disregarded when assessing the sufficiency of a claim.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Script's Complaint thus fails to adequately plead a factual basis for the requisite knowledge and specific intent to induce infringement.  *Global-Tech*, 131 S. Ct. at 2067 (2011) (stating that "[t]he inducement rule . . . premises liability on purposeful, culpable expression and conduct") (internal citations omitted); *Commil*, 135 S. Ct. at 1926.  Script's induced infringement claims should therefore be dismissed.

-20-

ii.   **The Complaint Lacks Factual
Allegations That Would Plausibly
Establish the  Predicates for a
Contributory Infringement Claim.**

Contributory infringement requires: (1) direct infringement by someone; (2) that
the accused contributory infringer have knowledge of the patents; (3) that a component
provided by the accused contributory infringer have no substantial non-infringing uses;
and (4) that the component be a material part of the invention.  *See Fujitsu Ltd. v.
Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  The accused contributory infringer
must also know "that the combination for which his component was especially designed
was both patented and infringing."  *Global- Tech.*, 131 S. Ct. at 2067 (internal quotation
marks omitted); *see also Commil*, 135 S. Ct. at 1926 ("[C]ontributory infringement
requires knowledge of the patent in suit and knowledge of patent infringement.").  Here,
Script's claims should be dismissed because the Complaint lacks factual allegations
supporting a plausible claim for contributory infringement.

Script's contributory infringement allegations are simply a "formulaic recitation
of the elements of a cause of action," almost entirely devoid of factual enhancement, and
are insufficient to sustain the claim.  *Twombly*, 550 U.S. at 555.  The allegations that the
accused products have "special features that are specially designed to be used in an
infringing way and that have no substantial uses other than ones that infringe the 078 and
091 patents" simply parrot the Federal Circuit's standard for establishing contributory
infringement.  Script does not provide more than an iota of factual information to support
its claim.  Script makes the conclusory statement that the accused products have "special
features" that "[are] triggered in a manner that infringes the 078 and the 091 patents."

(Complaint ¶ 19.)  But Script specifically identifies only one allegedly "special feature," "the ability of users to remotely receive notifications when an alarm that detects motion (including the motion of a window or door)." (*Id.*)  Script does not specifically identify any other special feature, nor does Script provide substantive information regarding how this alleged feature infringes the '078 and '091 patents.    In this regard, Script's allegations lack factual assertions that would push its contributory infringement claim "across the line from conceivable to plausible."   *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570 (internal quotation marks omitted)).    The claims of contributory infringement should accordingly be dismissed.

### C.   Alternatively, Script Should Be Required To Provide a More Definite Statement of its Willfulness and Indirect Infringement Claims.

In the event the Court determines that Script's willful, contributory or induced infringement claims should not be dismissed, Amazon requests, pursuant to Fed. R. Civ. P. 12(e), a more definite statement of Script's infringement allegations as to these claims.   "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."  *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002).

Here, for all of the reasons detailed above, Script's allegations fail to plead the requisite elements of willful, contributory, and induced infringement.   The allegations also are so vague and conclusory as to frustrate Amazon's efforts to prepare a responsive pleading and a meaningful defense.   Accordingly, Script should, at a minimum, be

ordered to provide a more definite statement of its willful, contributory, and induced infringement claims.

## CONCLUSION

The Court should dismiss Script's claims against Amazon because venue in this District is improper.  Alternatively, the Court should dismiss Script's willfulness and indirect infringement allegations or require Script to provide more definitive statements as to those allegations.

August 21, 2015

*Of Counsel:*

Michael K. Friedland
joe.re@knobbe.com
Lauren Keller Katzenellenbogen
joe.cianfrani@knobbe.com
Samantha Y. Hsu
kent.shum@knobbe.com

KNOBBE, MARTENS, OLSON
   & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404

*/s/ Charles Ainsworth*
Charles Ainsworth
Texas Bar No. 00783521
PARKER, BUNT &
   AINSWORTH, PC
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Tel: (903) 531-3535
charley@pbatyler.com

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON.COM, LLC

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on August 21, 2015, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Charles Ainsworth*
Charles Ainsworth