# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SCRIPT SECURITY SOLUTIONS, LLC, § § *Plaintiff*, § § v. § § AMAZON.COM, INC., et al., § § *Defendants*. § § § | Case No. 2:15-CV-1030-WCB LEAD CASE |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Amend Answer to Script Security's Amended Complaint filed by defendant Protection One Alarm Monitoring, Inc. ("Protection One"). Dkt. No. 212.[1] The motion seeks to add license and patent exhaustion defenses to the claim of infringement by a particular accused device, which the parties refer to as the GE Simon alarm panels. After briefing submitted by both parties, Dkt. Nos. 212 and 225, and a telephonic hearing held on October 7, 2016, the Court GRANTS Protection One's Motion for Leave to Amend and ORDERS that Script Security Solutions, LLC ("Script") be allowed additional discovery regarding both the GE Simon products and the number of noninteractive user products and services sold by Protection One.[2]

---

[1] Except as otherwise indicated, the references to docket numbers in this opinion are to docket numbers in case number 2:15-cv-1030.

[2] The Court issued an oral ruling during the telephonic hearing consistent with the relief granted in this memorandum opinion and order. This opinion is intended to provide a more detailed explanation for the Court's action, including the Court's findings with respect to the issue and the legal authority on which the Court's ruling is based.

## BACKGROUND

Script filed an amended complaint on April 17, 2015, and Protection One filed its answer on May 26, 2015. Case No. 2:15-cv-377, Dkt. Nos. 12 and 14. The docket control order governing the present case set a deadline of March 17, 2016, for filing amended pleadings. Dkt. No. 56.

Script entered into a license and settlement agreement dated May 31, 2016, with non-party Alarm.com Holdings, Inc. ("Alarm.com"). Dkt. No. 212-3. A copy of that agreement was produced to Protection One on June 17, 2016. Dkt. No. 212-9.

Materials in the record reflect (and the parties do not disagree) that at some point before July 11, 2016, Protection One advised Script that it intended to assert a license defense regarding certain accused products, identified as the "2Gig products," based on Protection One's contention that those products used components for which Script had granted a license through the May 31 licensing agreement with Alarm.com. See Dkt. No. 225-2. On several occasions thereafter, Protection One indicated on the record that it considered the May 31 agreement with Alarm.com to cover certain of Protection One's products. Those references included a letter from Protection One to the Court on July 6, 2016, in which Protection One stated that "Script has entered into a license with non-party Alarm.com," and that "Defendants expect that Script will not identify Alarm.com products as infringing," Dkt. No. 162-1, at 4 n.1, and a July 29, 2016, disclosure notice from Protection One to Script in which Protection One stated that its "use of Alarm.com products and services is covered by the license between Script and Alarm.com," Dkt. No. 212-10, at 3 (¶ 1(c)). In neither of those references to the May 31 agreement did Protection One specifically identify the GE Simon alarm panels as products that were subject to its prospective license defense, although the July 6 letter made that point implicitly by asserting

that, as a result of the May 31 agreement, "the only panels that remain at issue in the case are Honeywell panels." Dkt. No. 162-1, at 4.

In July and early August 2016, Script conducted two depositions of Protection One witnesses pursuant to Fed. R. Civ. P. 30(b)(6). In the course of those depositions, Script questioned the witnesses about the relationship between Protection One products and Alarm.com. See, e.g., Dkt. No. 212, at 4-5 (excerpts from depositions on July 8, 2016, and August 4, 2016). Fact discovery closed on August 12, 2016. Dkt. No. 187.

On August 15, 2016, Script provided its expert reports to Protection One. Script's damages expert included damages attributable to the GE Simon alarm panels in his calculation of damages. See Dkt. No. 221-7 (Expert Report of Justin R. Blok) ¶¶ 23, 107-08; see also Dkt. No. 221-8 (Supplemental Expert Report of Justin R. Blok) ¶¶ 40-41.

On about September 1, 2016, following the filing of the expert reports, Protection One sought Script's consent to amend its answer to add defenses of license and patent exhaustion regarding the GE Simon alarm panels based on Script's May 31 agreement with Alarm.com. Script declined to consent to the proposed amendment. On September 9, 2016, Protection One filed a motion for leave to amend its answer to assert license and patent exhaustion defenses regarding the GE Simon alarm panels, which is the motion that is now before the Court. On September 22, 2016, Protection One filed a motion for summary judgment, in which it argued that the May 31 agreement bars Script's claims of infringement as to the GE Simon alarm panels. Dkt. No. 221. Script filed an opposition to the motion to amend, arguing that the motion was untimely and that granting the motion at this point would be prejudicial, since discovery has closed, dispositive motions have been filed, and trial is scheduled to begin in December 2016.

**DISCUSSION**

Under Rule 15(a)(1), Fed. R. Civ. P., a party may amend a pleading once as a matter of course more than 21 days after service of the original pleading or a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e) or (f). After that, a party may amend a pleading only with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court is to be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Once a scheduling order has been entered in the case and a deadline has been set for filing amended pleadings, the decision whether to permit a post-deadline amendment is governed by Fed. R. Civ. P. 16(b). See L.G. Motorsports, Inc. v. NGMCO, Inc., No. 4:11-cv-112, 2013 WL 2543398, at *6 (E.D. Tex. June 6, 2013). Under Rule 16(b)(4), Fed. R. Civ. P., a motion to modify the scheduling order by permitting the filing of an amended pleading after the deadline in the scheduling order may be granted "only for good cause and with the judge's consent." The Fifth Circuit has held that Rule 16 gives trial courts "broad discretion to preserve the integrity and purpose of the pretrial order." Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990) (quoting Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979)). The court has directed that in deciding whether to permit amendments to the pleadings after the deadline for such amendments, district courts should consider "(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." United States ex rel. Bias v. Tangipahoa Parish Sch. Bd., 816 F.3d 315, 328 (5th Cir. 2016) (quoting S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003) (alterations in original)); Ciena Corp. v. Nortel Networks, Inc., 233 F.R.D. 493, 494 (E.D.

Tex. 2006). The Court will consider each of those factors in exercising its discretion to decide whether the motion to amend should be granted.

   1. <u>The Explanation for the Untimely Filing of the Motion to Amend</u>

The Court finds that Protection One is not at fault for missing the March 17, 2016, deadline to amend pleadings in the docket control order in this case, because that deadline passed before the May 31, 2016, agreement between Script and Alarm.com had been executed and before Protection One was advised, on June 17, 2016, of the existence of that agreement. Therefore, the question before the Court is not whether there is good cause for Protection One not seeking to amend its answer before the March 17, 2016, deadline, as there clearly is. The question is whether, once Protection One learned of the agreement as of June 17, 2016, it waited an unreasonably long period of time before moving, on September 9, 2016, to amend its answer to include license and patent exhaustion defenses.

Protection One's explanation for the nearly three-month delay in moving to amend its answer is that after informing Script that it believed the May 31 license undermined Script's case with regard to Protection One products that used Alarm.com components, Protection One expected that Script would no longer contend that those Protection One products were infringing. In particular, Protection One argues that when Script filed its expert reports on August 15, 2016, Protection One was surprised to discover that Script was still pursuing its infringement allegations with respect to the GE Simon alarm panels.

That explanation is not sufficient to excuse Protection One's failure to move to amend its answer more promptly after the June 17 disclosure of the May 31 agreement. Protection One does not contend that it had received a representation from Script that Script would not pursue its allegations against the GE Simon alarm panels; and in the absence of any such representation,

Protection One could not safely assume that the allegations regarding those products would simply go away and that amending the answer to assert the license and patent exhaustion defenses would not be necessary. The timeliness factor therefore cuts against Protection One, as Protection One should not have waited nearly three months after receiving notice of the May 31 agreement to move to amend its answer, particularly in light of the fact that the period for discovery closed before Protection One made its motion.

    2. The Importance of the Amendment

Script contends that the second factor in the four-factor test cuts against Protection One as well. It argues that the amendment of the answer is not important, because Protection One has not disclosed any evidence that would support its license and patent exhaustion defenses, and that it would therefore not be permitted to introduce evidence regarding those defenses at trial. The Court disagrees with Script. Protection One's position is that the license and patent exhaustion defenses raise principally issues of law that turn on the interpretation of the May 31 agreement and its application to the GE Simon alarm panels. According to Protection One, there is no legal impediment that would bar it from introducing evidence sufficient to show that Script's May 31 licensing agreement with Alarm.com immunizes Protection One from infringement liability based on the GE Simon alarm panels. The Court is not in a position at this juncture to reach a firm conclusion as to that question. However, it is at least clear that the issue of whether the May 31 agreement provides a shield to Protection One for the charge of infringement as the GE Simon alarm panels is an important one that bears directly on the merits of the dispute between the parties and the scope of relief that may be available to Script. The "importance" factor therefore cuts in favor of Protection One.

### 3. The Potential Prejudice to the Plaintiff from Allowing the Amendment

With regard to the third factor—the issue of prejudice—Script argues that because the motion to amend was filed after the close of discovery, granting the motion would prejudice Script by denying it the ability to prepare for and obtain specific discovery about the license and patent exhaustion defenses. In addition, Script argues, permitting Protection One to amend its answer would penalize Script for its strategic decision during the discovery process to focus less on potential damages based on noninteractive user products, given its expectation that it would obtain damages based on the GE Simon alarm panels.

It is important to note that Script's claim of prejudice is undercut to some extent by the fact that, starting in early July, Protection One disclosed to Script on several occasions that it intended to raise a license defense as to at least some Protection One products (even though it did not initially specify the GE Simon alarm panels). For that reason, this is not a case in which the defendant's attempt to raise defenses based on the May 31 licensing agreement comes as a complete surprise to Script. Because the central purpose of the requirement for the timely pleading of affirmative defenses "is the prevention of unfair surprise," Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987), the advance notice of Protection One's intent to rely on the licensing agreement as a defense mitigates the potential prejudice of the belated filing to Script. See Reasoner v. Hous. Auth. of Teague, 286 F. App'x 878, 880-81 (5th Cir. 2008).

Nonetheless, the Court concludes that because Protection One did not formally set forth its license and patent exhaustion defenses until it moved to amend its answer on September 9, 2016, there is some force to Script's arguments that it was prejudiced by not being on formal notice that those defenses were in the case. In particular, even though Script conducted discovery that was directed to how the Alarm.com products and services were incorporated into

Protection One's accused products, the scope or direction of that discovery, and other tactical decisions in the case, may have been affected by the fact that Protection One had not formally asserted the license and patent exhaustion defenses.

While the Court agrees with Script that Protection One's delay in seeking leave to amend its answer created some potential prejudice to Script, the Court concludes that the claimed prejudice can be cured by allowing Script limited additional discovery. After discussing with the parties the specific discovery measures that would be required for Script to be able to address the license and patent exhaustion defenses, the Court concludes that any prejudice from the delay in moving to amend the answer can be cured by granting Script additional focused discovery on two topics—the relationship between Alarm.com's services and the GE Simon alarm panels, and the extent of Protection One's sales of products and services for noninteractive users.

Accordingly, the Court orders that Script will be allowed a two-hour deposition pursuant to Fed. R. Civ. P. 30(b)(6) regarding the relationship between Alarm.com and the GE Simon alarm panels. In connection with that deposition, Protection One will be ordered to produce any additional documentation on this issue that has not previously been provided. In addition, Protection One will be required to provide Script with information disclosing the number of sales it has made of the allegedly infringing noninteractive user products and services, and Script will be given the opportunity to supplement its damages expert's report with any additional damages claims based on such noninteractive user products and services. Finally, the Court has today entered an order granting Script an extension of time to file its response to Protection One's motion for summary judgment on the license and exhaustion defense issues. The extension of time should permit Script to incorporate anything that emerges from the court-ordered discovery into that response.

The Court concludes that the supplemental discovery ordered by the Court, which the Court has directed to be conducted promptly and in good faith, should resolve any prejudice to Script from Protection One's delay in filing the motion to amend the answer. See Ciena Corp., 233 F.R.D. at 496. Based on its assessment of the effect of the curative steps detailed above, the Court concludes that Script will not be prejudiced by an order allowing Protection One to file its amended answer. The prejudice issue thus cuts in favor of Protection One.

    4. <u>The Availability of a Continuance</u>

Finally, as to the availability of a continuance, the Court is confident that the supplemental discovery ordered in this case will be conducted in a prompt and cooperative manner, and that no continuance of the trial date will be required, nor will the additional proceedings required by this order unduly interfere with the parties' preparation for trial in early December 2016. While the Court does not anticipate that a continuance of the trial date will be required, the Court notes that there is sufficient time between now and the trial date to ensure that the curative discovery sought by Script can be completed and used, to the extent needed, in trial preparation. This factor therefore cuts in favor of granting the motion for leave to amend.

Upon balancing the factors that govern the decision whether to grant a motion to amend a pleading after the deadline in the scheduling order, the Court concludes that those factors justify its conclusion that Protection One has shown "good cause" to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). Accordingly, the Court consents to the modification of the scheduling order, GRANTS the Motion for Leave to Amend, and ORDERS that Protection One promptly provide the limited discovery set forth above.

IT IS SO ORDERED.

SIGNED this 11th day of October, 2016.

                                                   WILLIAM C. BRYSON
                                                   UNITED STATES CIRCUIT JUDGE