# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SCRIPT SECURITY SOLUTIONS LLC, | § | |
| Plaintiff, | § § § | |
| v. | § | Case No. 2:15-CV-1030-WCB |
| AMAZON.COM INC., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Protection One's Unopposed Motion to Withdraw Its Motion for Summary Judgment of Invalidity, Dkt. No. 237, Defendant Protection One Alarm Monitoring Inc.'s Emergency Motion to File a Motion for Summary Judgment Out of Time and for Expedited Briefing, Dkt. No. 238, and Defendant's Motion for Partial Summary Judgment of Invalidity of the Asserted Claims of the '909 Patent, Dkt. No. 239. The motion to withdraw the motion for summary judgment of invalidity is GRANTED. The emergency motion to file a motion for summary judgment out of time and for expedited briefing is DENIED. The motion for partial summary judgment of invalidity of the asserted claims of the '909 patent is DENIED as untimely.

On September 22, 2016, defendant Protection One Alarm Monitoring, Inc., ("Protection One") filed a motion for summary judgment of invalidity with respect to the asserted claims of U.S. Patent No. 6,542,078 ("the '078 patent"), one of the three patents being asserted in this case by plaintiff Script Security Solutions, LLC ("Script"). Dkt. No. 222. Protection One at that time also filed a motion for summary judgment of non-infringement, Dkt. No. 223; a motion for summary judgment on its affirmative defenses of license and patent exhaustion applicable to all

1

three patents, Dkt. No. 221; as well as motions to strike portions of the reports of Script's experts, Dkt. Nos. 220, 227, and to exclude the testimony of those experts, Dkt. No. 228. Protection One did not at that time file a motion for summary judgment of invalidity as to the other two patents at issue in the case.

On October 7, 2016, before the deadline for filing its opposition to the motion for summary judgment of invalidity as to the '078 patent, Script filed an unopposed motion to dismiss its claims under that patent. Dkt. No. 235. The Court has today granted that motion.

In response to Script's motion to dismiss its claims under the '078 patent, Protection One filed the present emergency motion to permit it to file a motion for summary judgment regarding one of the other patents asserted by Script, U.S. Patent No. 6,828,909 ("the '909 patent"). Along with that motion, Protection One filed the summary judgment motion that it sought leave to file, and it proposed an expedited briefing schedule for the response, reply, and surreply regarding that motion. Although Protection One recognized that the motion for summary judgment as to the '909 patent was untimely, it argued that the belated filing of the motion should be permitted because (1) Script's withdrawal of the '078 patent claims "has wasted [Protection One's] time and resources that could have been devoted elsewhere," and (2) it has "prevented [Protection One] from moving for summary judgment on issues Script actually intends to present at trial." Dkt. No. 238, at 1-2. To offset what it terms "the prejudice caused by Script's delayed dismissal of the '078 patent," id. at 2, Protection One seeks to substitute its motion for summary judgment of invalidity of the '909 patent for its now-mooted motion for summary judgment of invalidity of the '078 patent.

Protection One argues that it initially decided to file a motion for summary judgment as to the '078 patent "because Script's allegation of infringement as to that patent was the most

egregious." Dkt. No. 238, at 3. Given the 60-page limit on a party's summary judgment motions imposed by E.D. Tex. Local Rule CV-7(3)(A), and "based on the information it had at the time," Protection One argues that it "decided to prioritize the '078 patent" and therefore did not seek summary judgment at that time on the '909 patent. Protection One further asserts that "[w]ithout knowing Script's intent to drop the '078 patent any earlier, [Protection One] could not have filed the motion for summary judgment on the '909 patent in accordance with the Local Rules." Id. Protection One further argues that granting the motion for summary judgment as to the '909 patent would significantly simplify the case and that the expedited briefing schedule would not be prejudicial to Script because Script has already been given notice of Protection One's position that the '909 patent claims are invalid. Id. at 3-4.

Script opposes the emergency motion to permit the untimely filing of the motion for summary judgment of invalidity of the '909 patent. Dkt. No. 243. Among other grounds, Script argues that the new summary judgment motion raises arguments that were not set forth in Protection One's letter brief seeking leave to file the motion or in its invalidity contentions. Id. at 1-3. Script also contends that it would be prejudiced by being required to respond to an out-of-time motion for summary judgment at a time of intensive briefing of other pretrial motions and active trial preparation, particularly in light of the expedited briefing schedule proposed by Protection One. Id. at 3-4.

The Court agrees with Script that Protection One has not provided a sufficient justification for its untimely motion for summary judgment as to the '909 patent. Protection One provides no adequate reason that the motion could not have been filed on a timely basis. As to Protection One's contention that it could not have filed the motion at the time dispositive

3

motions were due because it was running up against the 60-page limit in the local rules for all of a party's summary judgment motions, the Court notes the following:

First, if a party believes it is entitled to summary judgment on multiple grounds, it can allocate the available pages of argument over multiple motions. The 60-page limit is not so parsimonious as to prevent a party from raising those issues that it believes should be raised on summary judgment. That is particularly true in light of the proviso that attachments to the motions are not counted against the page limitation. The Court has reviewed the summary judgment motions filed by Protection One along with the new summary judgment motion and has concluded that, with careful editing, the motions could all have been presented to the Court, without loss of force, within the 60-page limit.

Second, if a party considers the number of pages allowed by the local rules to be insufficient to make the summary judgment arguments that a party believes need to be brought to the Court's attention, the party could seek additional pages prior to the deadline for filing summary judgment motions. The Court may view such motions with skepticism, but on a sufficient showing, relief from the 60-page limitation is available if a party believes an issue is important and cannot be clearly presented to the Court within the page limitation. Protection One did not choose that option, but chose instead to decline to file its motion for summary judgment as to the '909 patent at the time it was due. In light of that decision, Protection One's current contention that the motion is highly important to the disposition of the case loses much of its force.

As to Protection One's argument regarding prejudice, the Court is not persuaded by its suggestion that Script was somehow at fault for pleading infringement of the '078 patent claims and then withdrawing those claims after Protection One filed its summary judgment motion.

4

Protection One is certainly no worse off than it would have been if Script had maintained its '078 patent claims through the summary judgment process. By withdrawing those claims, Script has saved Protection One the burden of filing a response and surreply, and it has saved the Court the burden of deciding that summary judgment issue. The Court is not persuaded that Script's conduct in this regard was improper, and the Court discerns no prejudice to Protection One from Script's actions in withdrawing the '078 patent claims when it did. Protection One's suggestion that the presence of the '078 patent claims led it to focus on that patent rather than on the '909 patent is not a convincing argument regarding prejudice. The '909 patent claims did not become any weaker after the '078 claims were withdrawn. If Protection One believed those claims were vulnerable to summary judgment at the time the summary judgment motions were due, as it does now, it should have sought summary judgment then. Nothing kept it from doing so. It is now stuck with the consequences of its own tactical decision not to seek summary judgment as to that patent.

Significantly, this is not to say that the issue of the validity of the '909 patent claims is out of the case. It is simply not one of the issues that was timely submitted for the Court's ruling on dispositive motions, and the Court sees no justification for waiving the deadline for filing such a motion in this instance.

    IT IS SO ORDERED.

    SIGNED this 11th day of October, 2016.

_____<br>
WILLIAM C. BRYSON<br>
UNITED STATES CIRCUIT JUDGE