**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SCRIPT SECURITY SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1030-WCB |
| | § | |
| AMAZON.COM, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Emergency Motion to Strike Protection One's Untimely Motion to Dismiss filed by plaintiff Script Security Solutions, LLC ("Script"). Dkt. No. 273. The motion is DENIED.

**BACKGROUND**

On October 19, 2016, defendant Protection One Alarm Monitoring, Inc., ("Protection One") filed a motion to dismiss U.S. Patent No. 7,113,091 ("the '091 patent") from the complaint in this case. Dkt. No. 269. The '091 patent is one of two remaining patents asserted by Script. See Dkt. No. 248. Because the motion was filed long after the date on which dispositive motions were scheduled to be filed, Script filed the present emergency motion to strike Protection One's motion to dismiss as untimely.

Protection One's motion to dismiss the '091 patent is based on its contention that Script lacks standing to press claims under the '091 patent because it lacks any ownership interest in that patent. On that ground, Protection One seeks dismissal of the portion of the complaint relating to the '091 patent for lack of jurisdiction.

In its emergency motion, Script anticipated that Protection One would argue that because it was moving for dismissal based on lack of jurisdiction, Protection One's motion to dismiss could be filed at any time. Script responded that on a motion to dismiss, the court's "jurisdiction is judged by the allegations of Script's complaint, which must be accepted as true." Dkt. No. 273, at 1. Script noted that Protection One did not contend that the complaint failed to plausibly allege ownership of the '091 patent, but instead argued that Script lacked an ownership interest in the '091 patent as a matter of fact and "ask[ed] the Court to rule on the underlying merits of Protection One's claim that Script does not own the [']091 patent." Id. at 2. For that reason, Script argued, Protection One's motion was "not a challenge to the subject matter jurisdiction of the Court that can be made on a motion to dismiss." Id.

Protection One responded that its motion is not a "facial" challenge to the complaint, but a "factual" challenge. Protection One's Resp. to Pl. Script Security's Emergency Mot. to Strike, Dkt. No. 285, at 1. Protection One noted that its challenge is not to the sufficiency of the complaint to plead standing, but to the correctness of Script's allegations of ownership of the '091 patent. That question, according to Protection One, is a factual challenge to the Court's jurisdiction over the case, which can be raised at any time and is not defeated simply by Script's allegations of ownership in the complaint. Id. at 1-2.

Script filed a reply on October 28, 2016. Dkt. No. 295. In its reply, Script argued that patent ownership is not an issue of subject matter jurisdiction, and that the ownership requirement in the Patent Act, 35 U.S.C. § 281, "do[es] not speak to the power of the Court to hear a patent dispute, but rather set[s] forth elements of a patent infringement claim." Id. at 2. Script also contended that "[b]ecause ownership is an element of patent infringement, it is a jury issue," and that the merits of the factual issue of standing are therefore questions for the jury, not

the court.  Id. at 3.  Finally, even assuming the issue of standing is one for the court, and not the jury, to decide, Script urged this Court not to address the standing issue until trial.  Id. at 4-5.

The Court held a telephonic hearing on Script's emergency motion on October 28, 2016. At the conclusion of that hearing, the Court denied Script's emergency motion to strike Protection One's motion to dismiss.  This memorandum opinion and order is being filed to set forth in more detail the Court's reasons for its ruling.

### DISCUSSION

Standing to sue is a jurisdictional matter that is a threshold requirement in every federal action.  Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 785, 771 (2000); Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 86 (1998); Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994); Canadian Lumber Trade Alliance v. United States, 517 F.3d 1319, 1330 (Fed. Cir. 2008); Sicom Sys., Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 975 (Fed. Cir. 2005).  Standing must be present at the time the suit is brought.  Keene Corp. v. United States, 508 U.S. 200, 207 (1993); Media Techs. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003).  The party invoking federal jurisdiction has the burden of establishing that it has standing in order for the court to exercise jurisdiction over the case. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Bard Peripheral Vascular, Inc. v. W.L. Gore  Assocs., Inc., 776 F.3d 837, 842 (Fed. Cir. 2015); Perry v. Village of Arlington Heights, 186 F.3d 826, 829 (7th Cir. 1999).

Because standing is a jurisdictional issue, it can be raised by the opposing party at any time or by the court sua sponte.  Nat'l Org. for Women, 510 U.S. at 255; Barlow & Haun, Inc. v. United States, 805 F.3d 1049, 1060 n.5 (Fed. Cir. 2015); Bd. of Trustees of Leland Stanford Jr. Univ. v. Roche Molecular Sys., Inc., 583 F.3d 832, 841 (Fed. Cir. 2009), aff'd, 563 U.S. 776

(2011); Pandrol, USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1367 (Fed. Cir. 2003). If the court finds that the plaintiff lacks standing, the court must dismiss the action for lack of jurisdiction. Warth v. Seldin, 422 U.S. 490, 501-02 (1975).

Challenges to jurisdiction, including standing, can be either "facial" or "factual." See Lewis v. Knutson, 699 F.2d 230, 237 (5th Cir. 1983) ("This procedure encompasses two modes of standing challenges—a facial attack and a factual attack."); Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981); see generally 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350, at 147-58 (3d ed. 2004). A "facial" challenge to jurisdiction is directed to the sufficiency of the complaint to allege facts that give the court jurisdiction. In the case of a facial challenge to jurisdiction, the factual allegations in the complaint are taken as true, and the court's task is to determine whether those allegations, if proved, are sufficient to establish that the court has jurisdiction over the matter before it. 5B Wright & Miller § 1350, at 147-54.

A "factual" challenge to jurisdiction, by contrast, does not assume the correctness of the factual allegations in the complaint. Rather, in the case of a factual challenge to jurisdiction, the question is whether the facts actually establish that the court has jurisdiction over the matter. In that setting, the burden is on the plaintiff to show jurisdiction, and parties may offer factual evidence bearing on that question. Id. at 154-180. The task of resolving that factual issue is for the district court, not the jury, unless the jurisdictional issue is inextricably intertwined with the merits of the underlying dispute. Id. at 243-46 ("The district court, not a jury, must weigh the merits of what is presented in a Rule 12(b)(1) motion to dismiss, including resolving any issues of fact . . . . If, however a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits . . . ."); see Smith v. Reg'l Transit Auth., 756 F.3d 340, 347 (5th Cir. 2014); Williamson v. Tucker, 645 F.2d

404, 414 (5th Cir. 1981); see generally Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by the party or by the court on its own motion, . . . the court may inquire by affidavits or otherwise into the facts as they exist."). The party asserting federal jurisdiction must establish standing under the preponderance of the evidence standard, and the district court's findings relating to that issue are subject to clear-error review by the court of appeals. See Am. Soc. for the Prevention of Cruelty to Animals v. Feld Ent., Inc., 659 F.3d 13, 21-22 (D.C. Cir. 2011); ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009); Canadian Lumber Trade Alliance, 517 F.3d at 1331; Lee v. City of Chi., 330 F.3d 456, 468 (7th Cir. 2003); Bruce v. United States, 759 F.2d 755, 758 (9th Cir. 1985); Williamson, 645 F.2d at 413.

These principles apply with full force in patent cases. In patent law, as in other fields, the standing requirement is considered a threshold jurisdictional question. Alps S., LLC v. Ohio Willow Wood Co., 787 F3d 1379, 1382 (Fed. Cir. 2015); Madstad Eng'g, Inc. v. U.S. Patent & Trademark Office, 756 F.3d 1366, 1371 (Fed. Cir. 2014); Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1363 (Fed. Cir. 2010); Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774, 777 (Fed. Cir. 1996); Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc). Accordingly, in a patent case, as elsewhere, the plaintiff has the burden of establishing by a preponderance of the evidence that it has standing and that it had standing at the time the action was brought. Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc., 587 F.3d 1375, 1378 (Fed. Cir. 2009); see also Abraxis BioScience, 625 F.3d at 1366-67; Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090, 1093-94 (Fed. Cir. 1998). To do so, the plaintiff must show that it had enforceable title in the patent in suit. Tyco, 587 F.3d at 1378.

As in other fields, a party in a patent case is ordinarily not entitled to have a jury decide the issue of standing. See DBB Techs., L.L.C. v. MLB Advanced Media, L.P., 517 F.3d 1284, 1290-91 (Fed. Cir.2008) (holding that the standing issue is not for the jury if the jurisdictional facts bearing on standing are not intertwined with the substantive patent law governing the parties' infringement and invalidity contentions); cf. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts.") (internal citations omitted). In this case, the Court detects no overlap between the jurisdictional facts bearing on standing and the elements of the parties' respective claims of infringement and invalidity, and therefore finds no reason to depart from the normal course of having the court decide the factual questions bearing on the issue of standing.

In pressing the proposition that the fact-finding underlying the standing issue in a patent case is for the jury, not the court, Script relies on a district court case, Leighton Techs. LLC v. Oberthur Card Sys., S.A., 531 F. Supp. 2d 591 (S.D.N.Y. 2008). That case, however, is distinguishable based on its unusual facts. The question before the court in that case was not the typical question of ownership, which depends on the viability of a chain of assignments of rights to the patent, as in this case. In Leighton, the evidence presented at the hearing on the standing question regarding the timing of inventorship revealed the more fundamental issue of whether the claimed inventor, Mr. Leighton, invented the asserted patented process at all. The defendant then submitted a brief arguing, in addition, that summary judgment should be granted to defendant on the basis of invalidity under 35 U.S.C. § 102(f) because Mr. Leighton did not invent the patented process and the patents incorrectly named him as the inventor. 531 F. Supp.

2d at 592-93. That question, as the district court explained, was an issue that went not just to standing, but also to the validity of the patent. See id. As a result, the court noted that it was "in the unique situation of confronting inventorship—a merits-based defense—in the standing context." Id. at 594. After noting that a district court "must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction before deciding a case on the merits," the court concluded that in the unusual setting before it, fact-finding on the jurisdictional issue would "adjudicate factual issues required by the Seventh Amendment to be resolved by a jury," and that as a result the court was required to leave the jurisdictional issue for decision by the jury at trial. Id.

This case is not one in which a merits-based issue such as inventorship is inextricably intertwined with the factual questions necessary to resolve the issue of standing. Instead, this case presents the more quotidian question whether the chain of assignments effectively transferred the patent rights to the plaintiff. Although Script argues that the issue of patent ownership goes to the merits of the plaintiff's infringement contentions, the Court disagrees. The issue of ownership goes to the plaintiff's standing to bring an infringement action. The merits of the action involve the questions whether the defendant has infringed the patent and whether the patent is valid. If Script were correct that patent ownership is a merits-based question that must be left to the jury, it would never be appropriate for a court to decide the ultimate factual question of patent ownership, on which the issue of standing turns. That question would always have to be given to the jury. Yet that position would be inconsistent with Federal Circuit law: If that position were correct, then the DBB Technologies case would have to have come out the other way. Moreover, Protection One is not pressing a merits-based argument of patent invalidity based on the issue of ownership; rather, as Protection One stated

during the telephonic hearing, the issue of ownership is presented simply as one of standing for the Court, not the jury, to decide.  Accordingly, for these reasons, the factual questions bearing on the issue of standing will be heard by, and decided by, the court, and not by the jury.

In summary, the Court holds, first, that because a challenge to jurisdiction can be brought at any time, the Court will not strike Protection One's motion to dismiss the portions of the complaint that are based on the '091 patent.  Whether the motion is viewed as a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or simply as a suggestion of lack of standing, the matter is properly before the Court, even though it was raised at a time after dispositive motions in this case were due.  See 5B Wright & Miller § 1350, at 115-19.  Second, the Court holds that the showing made in Protection One's motion and in its accompanying exhibits is sufficient to raise the issue of standing, on which the plaintiff bears the burden of proof.  Thus, the burden is on Script to demonstrate, by a preponderance of the evidence, that it owns the '091 patent.  Third, the question of standing will be addressed by the Court, based on appropriate proceedings that will allow the parties an opportunity to offer evidence bearing on the factual issues underpinning the standing inquiry.

The proceedings that will lead to a decision on the issue of standing have already been initiated by Protection One's motion to dismiss.  Script will have an opportunity to respond to that motion on the merits of the standing issue, with documentary or testimonial evidence as appropriate, and the Court will decide the motion prior to the date set for trial.

Protection One's motion to dismiss the '091 patent was filed on October 19, 2016. Script's response is therefore due on November 7, 2016.  By that date, both parties shall inform the Court whether they wish to proceed to decision on this issue on the papers or would like the Court to conduct an evidentiary hearing.  If either party wishes an evidentiary hearing, that party

will be required at the time of making the request to provide the Court with a list of witnesses who would testify at the hearing and an affidavit in the form of a detailed proffer of the testimony to be provided by each witness. Each party will also be required at that time to provide to the Court all documentary evidence that the party intends to rely on in support of its position on the standing issue. If arguments or evidence presented by the parties at or after that time require either party to submit additional evidence, the Court will entertain a prompt request to supplement the record prior to any hearing that may be scheduled by the Court or other time specified by the Court.

IT IS SO ORDERED.

SIGNED this 31st day of October, 2016.


WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE