## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SCRIPT SECURITY SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1030-WCB |
| | § | |
| AMAZON.COM, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion filed by plaintiff Script Security Solutions, LLC, ("Script")

entitled <u>Motion to Compel Protection One to Pay Reasonable Expert Fees As Required by Rule</u>

<u>26(b)(4)(E)</u>. Dkt. No. 231. Ruling on the motion is SUSPENDED pending the filing of

supplemental documentation by Script.

## I. Background

Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides as follows:

> *Payment*. Unless manifest injustice would result, the court must
> require that the party seeking discovery:
>   (i) pay the expert a reasonable fee for time spent in responding to
>   discovery under Rule 26(b)(4)(A) or (D); and
>   (ii) for discovery under (D), also pay the other party a fair portion
>   of the fees and expenses it reasonably incurred in obtaining the
>   expert's facts and opinions.

Rule 26(b)(4)(A) provides, in pertinent part, that a party "may depose any person who has been

identified as an expert whose opinions may be presented at trial."

Script is seeking to have Protection One Alarm Monitoring, Inc., ("Protection One") pay

the fees of Script's expert witnesses, Dr. Samuel Russ and Mr. Justin Blok, that are attributable

to the time Dr. Russ and Mr. Blok spent preparing for depositions that were taken by Protection

One. Script explains that pursuant to Rule 26(b)(4)(E) Protection One has agreed to pay Dr. Russ's and Mr. Blok's fees for the time they spent in deposition. However, Protection One has refused Script's request that it pay Dr. Russ's and Mr. Blok's fees for the time they spent preparing for their depositions. According to Script, Dr. Russ's deposition took almost seven hours, and he spent 9.58 hours preparing for his deposition. Mr. Blok's deposition lasted nearly five hours, and he spent 7.5 hours preparing for his deposition. This motion therefore concerns Dr. Russ's fee for the 9.58 hours he spent in preparation for the deposition and Mr. Blok's fee for the 7.5 hours that he spent preparing for the deposition. Dr. Russ's hourly rate, according to Script, is $300 per hour, and Mr. Blok's hourly rate is $410 per hour.

In its response to Script's motion, Protection One does not directly contest the hourly rate of the two Script experts or the number of hours those experts spent in preparing for their depositions. Instead, Protection One principally complains that Script "did not provide discovery into these theories during fact discovery," but instead "stated that it was providing such information by way of its expert report," and thus has relied on its experts "to advance every aspect of its case." Response to Plaintiff Script Security Solutions, LLC's Motion to Compel Protection One to Pay Expert Fees, Dkt. No. 262, at 1.

Protection One contends that Script's strategy was improper, and Protection One implies that it would not have had to conduct as lengthy a deposition of each expert (and thus, presumably, the experts' preparation time would have been shorter) if Script had been more forthcoming in discovery regarding its theories of infringement, validity, and damages, rather than relying on its experts' reports. That argument, however, is made at a high level of generality, and with no supporting detail. Accordingly, it is impossible for the Court to evaluate whether there is any force to the suggestion that the expenses associated with the experts'

deposition preparation would have been reduced had Script provided earlier discovery, and by how much.

Under the Federal Rules of Civil Procedure, Protection One was subject to an assessment of the opposing party's expert fees in connection with depositions that Protection One elected to take. If Protection One had felt that Script was not complying with its discovery obligations and therefore was forcing Protection One to use the experts' depositions to obtain discovery that should have been provided earlier and in documentary form, Protection One should have raised that issue at the time. Not having done so, and having chosen to proceed with the depositions of Script's experts, Protection One subjected itself to the obligations imposed on deposing parties with respect to expert fees under the Federal Rules.

Moreover, Protection One does not suggest that it would not have deposed Dr. Russ and Mr. Blok if Script had produced more information regarding its theories of infringement and damages earlier in the discovery process. To the contrary, the Court has every reason to believe that Dr. Russ and Mr. Blok would have been deposed regardless of the detail provided in advance as to Script's theories of infringement, validity, and damages; and there is no reason to believe they would need to spend less time preparing for their depositions if Script had provided more information to Protection One in documentary form earlier in the discovery process. Protection One has therefore not made a convincing argument that the experts' preparation expenses are ultimately attributable to Script's failure to fully comply with its discovery obligations.

## II. Discussion

Rule 26(b)(4)(E) makes clear that the party who deposes an expert must pay a reasonable fee for the expert's time spent in the deposition. The rationale underlying the rule is that the

party that deposes the opposing party's expert gets a benefit from the opportunity to depose the expert and that the deposing party should not be allowed to impose the cost of that benefit onto the party that retained the expert. The same principle has been applied to the time and cost of the expert's travel, if the deposing party requires the expert to travel to the deposition. See Burgess v. Fischer, 283 F.R.D. 372, 373 (S.D. Ohio 2012); Ndubizu v. Drexel Univ., Civil Action No. 07-3068, 2011 WL 6056816, at *3 (E.D. Pa. Nov. 16, 2011); Feliciano v. Cnty. of Suffolk, 246 F.R.D. 134, 137 (E.D.N.Y. 2007); Rogers v. Penland, 232 F.R.D. 581, 583 (E.D. Tex. 2005); 6 James Wm. Moore, Moore's Federal Practice ¶ 26.80[3][d], at 26-489 (3d ed. 2016). What is less clear is whether, and to what extent, the deposing party must pay the cost of the expert's time in preparing for the deposition.

The language of the rule does not directly address this issue. It provides that the party seeking discovery must pay the expert "a reasonable fee for time spent in responding to discovery." Since the drafters of the rule could easily have provided for the fees to be paid "for time spent in the deposition," it is apparent that the intention was for the scope of compensable time to be somewhat broader. See Constellation Power Source, Inc. v. Select Energy, Inc., No. 3:04-cv-983, 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007). What is left unresolved is whether, and to what extent, time spent preparing for a deposition falls within that broader category as time spent "responding to discovery."

The problem presented by this issue is summed up well in Wright and Miller's treatise, where the authors explain that the "basic proposition [underlying Rule 26(b)(4)(E)] is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) [permitting depositions of opposing parties' experts] to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." 8A Charles

Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2034, at 130 (3d ed. 2016).

Requiring the deposing party to compensate the expert for "time spent in responding to discovery" prevents "one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost." New York v. Solvent Chem. Co., 210 F.R.D. 462, 468 (W.D.N.Y. 2002); see also LK Nutrition, LLC v. Premier Research Labs, LP, 2015 WL 4466632, at*2 (N.D. Ill. July 21, 2015) (It is "important to note . . . that the purpose of that compensation shift is to ensure that the party benefiting from the expert's time is the party who pays for it."). That principle plainly applies to compensation of the retaining party's expert for time spent in the deposition. But the question of compensation for time the expert spends preparing for the deposition

> has proved a divisive issue. As noted above, the open-ended possibility that much ordinary preparation might be charged to the opponent by this device warrants caution. At the same time, it is hard to deny that the deposition-preparation process, like the deposition itself, requires additional effort by the expert for which he or she is likely to insist on being paid.

Wright & Miller, § 2034, at 136; see also LK Nutrition, 2015 WL 466632, at *2 ("[I[t is easy to see how the deposing party should be on the hook for a reasonable amount of time the expert spends refreshing his or her memory before the deposition, because that time was made necessary by the deposing party and because it is likely to pay off in the form of a more efficient and productive deposition."). Yet, as the district court in Constellation Power Source explained, there is "great risk of abuse in compensating a party for his expert's deposition preparation time, since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert." 2007 WL 188135, at *8; see also LK Nutrition, 2015 WL 466632, at *2 ("On the other hand, it is harder to see how the pre-deposition time an expert spends strategizing with the retaining party's attorneys can be construed as primarily benefiting the deposition party.

It is arguable that such time is more akin to the retaining party's own trial preparation rather than its response to discovery within the meaning of Rule 26(b)(4)(E)(i).").

Script cites three authorities for the proposition that fees awarded under Rule 26(b)(4)(E) include time spent in preparing for the deposition. Motion to Compel Protection One to Pay Reasonable Expert Fees as Required by Rule 26(b)(4)(E), Dkt. No. 231, at 1. Those cases do, in fact, stand for the proposition that Rule 26(b)(4)(E) normally requires that the party requesting an expert's deposition pay not only for the time spent in the deposition itself, but also for a reasonable time spent by the expert in preparing for the deposition. See Stewart v. City of Houston, Civil Action No. H-07-4021, 2010 WL 1524015 (S.D. Tex. Apr. 14, 2010), at *1 ("Fees awarded under [the rule] include time spent in preparing for the deposition, in traveling to the deposition, and in the deposition."); Rogers v. Penland, 232 F.R.D. 581, 582 (E.D. Tex. 2005) ("Expert fees will be awarded, if clearly stated in the bills, for time spent in preparing for the deposition, traveling to the deposition, and attendance at the deposition."); Logan Farms, Inc. v. Smithfield Foods, Inc., Civil Action No. H-05-766, Dkt. No. 177 (S.D. Tex. Sept. 27, 2010), at 4 ("Fees awarded under [the rule] include time spent in preparing for the deposition, in traveling to the deposition, and in the deposition.").

Protection One asserts that Script "points to no authority that would require [Protection One] to pay for time Script's experts spent preparing for their depositions." Protection One's Sur-Reply in Opposition to Plaintiff Script Security Solutions, LLC's Motion to Compel Protection One to Pay Expert Fees, Dkt. No. 306, at 1. In its opposition, Protection One responds to two of the three authorities cited by Script, but not the third. Response to Plaintiff Script Security Solutions, LLC's Motion to Compel Protection One to Pay Expert Fees, Dkt. No.

262, at 2. But Protection One's assertion that those authorities do not support Script's request is wrong.

First, Protection One argues that in the Stewart case the plaintiffs had agreed to pay the experts' reasonable fees to prepare for, travel to, and attend the depositions scheduled by the defendants. While that is true, the court in the Stewart case did not base its ruling on the agreement between the parties, but instead held that the defendants were entitled to the amount of the expert's fee attributable to preparing for and traveling to the deposition based on Rule 26(b)(4)(E), which does not require an agreement to allocate costs. The court explicitly stated that under its interpretation of Rule 26(b)(4)(E) the obligation to pay "a reasonable fee for time spent in responding to discovery" applies not only to the time the expert spends in deposition, but also to the time reasonably spent in preparing for the deposition, "[u]nless manifest justice would result." See Stewart, 2010 WL 1524015, at *1. The Stewart court then ruled that "[p]ayment of the experts' fees [including the fee for deposition preparation] is appropriate under Rule 26(b)(4)(E)." Id.

Second, Protection One argues that the Rogers case is distinguishable because the fees in that case were sought after final judgment, and not during discovery; because the court denied the fee request for one of the experts whose testimony was excluded at trial; and because the Rogers court noted that the "usual custom" among Texas attorneys is "for each side to pay its own experts," which is the practice under Texas state law. But the court in Rogers clearly indicated that it was not necessary for the parties to await final judgment before requesting payment under Rule 26(b)(4)(E). See Rogers, 232 F.R.D. at 582. Moreover, although the court denied the fee request with regard to the expert whose testimony was excluded, the court granted the request for fees for deposition preparation for the other witnesses. And the court made clear

that whatever the "custom" among Texas lawyers, the federal rules entitled the responding party to recover fees for the experts' reasonable deposition preparation time. Id. With regard to Protection One's argument that it should not be required to pay the deposition preparation fees for Dr. Russ and Mr. Blok because their testimony might be excluded at trial, that is no basis to withhold payment; at most, it would be a ground for Protection One to seek reimbursement of some or all of the expert fees that it pays to Script's experts, an issue that is not necessary for the Court to address at this time.[1] Thus, the two authorities that Protection One discusses do not provide any support for Protection One; to the contrary, they directly support Script's request for payment of reasonable deposition preparation fees.

Although not apparent from the parties' briefing, the question presented by Script's motion is one that has been addressed by many courts, and on which there is a division of opinion among judges who have addressed the matter. Judge Gallo, in a recent and thoughtful opinion dealing with this problem, Eastman v. Allstate Ins. Co., Case No. 14-cv-703, 2016 WL 795881, at *4 (S.D. Cal. Feb. 29, 2016), has usefully divided the many authorities into four categories.

First, a substantial majority of the courts that have considered the availability of fees for deposition preparation time under Rule 26(b)(4)(E) have held that fees for a reasonable amount of deposition preparation time are chargeable to the party seeking discovery. That much is clear from a sampling of the decisions on this issue from the last 20 years. See, e.g., AP Links, LLC v. Russ, CV 09-5437, 2015 WL 9050298, at *2 (E.D.N.Y. Dec. 15, 2015); Rhodes v. Lazy

---

[1] There is authority for the proposition that compensation of an expert witness for "time spent in responding to discovery" is required even if the expert witness does not ultimately testify at trial. First South Bank v. Fifth Third Bank, Civil Action No. 7:10-2097, 2014 WL 3868000, at *3 (D.S.C. Aug. 6, 2014); V.I. Port Auth. v. Callwood, Case No. ST-11-cv-305, 2014 WL 3508574, at *1 (D.V.I. July 9, 2014).

Flamingo 2, Inc., Case No. 2:14-cv-561, 2015 WL 6083535, at *2 (M.D. Fla. Oct. 15, 2015) (citing cases); LK Nutrition, LLC, 2015 WL 4466632, at *2 (citing numerous cases); Thomas v. Carmeuse Lime & Stone, Inc., Case No. 7:12-cv-413, 2015 WL 11004540, at *1 (W.D. Va. Jan. 16, 2015); Almonte v. Averna Vision & Robotics Inc., No. 11-cv-1088S, 2014 WL 287586, at *3 (W.D.N.Y. Jan 24, 2014); Johnson v. State Farm Fire & Cas. Co., Civil Action No. 12-534, 2013 WL 4804297, at *1 (S.D. Ala. Sep. 9, 2013); Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc., 873 F. Supp. 2d 939, 956 (N.D. Ill. 2012) (citing cases); United States ex rel. Liotine v. CDW-Government, Inc., No. 3:05-cv-33, 2012 WL 1252982, at *2 (S.D. Ill. Apr. 13, 2012); Burgess v. Fischer, 283 F.R.D. 372, 373 (S.D. Ohio 2012); Barnes v. District of Columbia, 274 F.R.D. 314, 318 (D.D.C. 2011); Broushet v. Target Corp., 274 F.R.D. 432, 434 (E.D.N.Y. 2011); LG Elecs. U.S.A., Inc. v. Whirlpool Corp., No. 08-c-242, 2011 WL 5008425, at *4-5 (N.D. Ill. Oct. 20, 2011) (citing cases); Conte v. Newsday, Inc., No. cv 06-4859, 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011) (citing cases); Pizzuto v. Blades, No. 1:05-cv-516, 2011 WL 2690134, at *2 (D. Idaho July 9, 2011) (citing cases); Tavarez-Guerrero v. Toledo-Davila, 271 F.R.D. 426, 428 (D.P.R. 2010) (citing numerous cases); Schmidt v. Solis, 272 F.R.D. 1, 2-3 (D.D.C. 2010); Borel v. Chevron U.S.A. Inc., 265 F.R.D. 275, 277-78 (E.D. La. 2010) (citing numerous cases); Fiber Optic Designs, Inc. v. New England Pottery, LLC, 262 F.R.D. 586, 591-94 (D. Colo. 2009) (citing numerous cases); Fairley v. Andrews, No. 03 C 5207, 2008 WL 961592, at *4-5 (N.D. Ill. Apr. 8, 2008); All Cities Realty, Inc. v. CF Real Estate Loans, Inc., No. SA CV 05-615, 2008 WL 10594412, at *5-6 (C.D. Cal. Mar. 14, 2008); Waters v. City of Chicago, 526 F. Supp. 2d 899, 900-01 (N.D. Ill. 2007); Packer v. SN Servicing Corp., 243 F.R.D. 39, 42 (D. Conn. 2007); Nilssen v. Osram Sylvania, Inc., No. 01 C 3585, 2007 WL 257711, at *4 (N.D. Ill. Jan. 23, 2007); Advanced Telemedia, L.L.C. v. Charter Commc'ns, Inc., No. CIVA105CV2662, 2006

9

WL 3422669, at *14 (N.D. Ga. 2006); <u>Putnal v. Guardian Life Ins. Co. of Am.</u>, No. Civ. A. 5:04-cv-130-4, 2005 WL 3532381, at *3 (N.D. Ga. Dec. 22, 2005); <u>Lent v. Fashion Mall Partners, L.P.</u>, 223 F.R.D. 317, 318 (S.D.N.Y. 2004); <u>Abundiz v. Explorer Pipeline Co.</u>, No. Civ. 300 CV 2029, 2004 WL 1161402, at *3-4 (N.D. Tex. May 24, 2004) (citing cases); <u>Lamere v. N.Y. State Office for the Aging</u>, 223 F.R.D. 85, 93 (N.D.N.Y. 2004); <u>Ratliff v. Baan Co., N.V.</u>, Civil Action No. 1:99-cv-2455, 2003 WL 25774909, at *1 (N.D. Ga. Nov. 5, 2003); <u>Mannarino v. United States</u>, 218 F.R.D. 372, 376 (E.D.N.Y. 2003); <u>Boos v. Prison Health Servs.</u>, 212 F.R.D. 578, 579-80 (D. Kan. 2002) (citing numerous cases); <u>New York v. Solvent Chem. Co.</u>, 210 F.R.D. 462, 471 (W.D.N.Y. 2002) (citing numerous cases); <u>Profile Prods., LLC v. Soil Mgmt. Techs., Inc.</u>, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001); <u>Collins v. Vill. of Woodridge</u>, 197 F.R.D. 354, 356-58 (N.D. Ill. 1999) (citing numerous cases); <u>Emmenger v. Bull Moose Tube Co.</u>, 33 F. Supp. 2d 1127, 1136 (E.D. Mo. 1998) (citing cases).  The rationale for requiring the deposing party to pay reasonable deposition preparation costs is that the expert's deposition benefits the deposing party, that preparation is often necessary to enable the witness to be fully responsive during the deposition, and that preparation "facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting." <u>Magee v. Paul Revere Life Ins. Co.</u>, 172 F.R.D. 627, 647 (E.D.N.Y. 1997); <u>Hose v. Chi. & N.W. Transp. Co.</u>, 154 F.R.D. 222, 228 (S.D. Iowa 1994) (compensating the expert for time spent reviewing records "speeds the deposition process along, thereby saving on costs"); <u>Mock v. Johnson</u>, 218 F.R.D. 680, 683 (D. Haw. 2007).

The second category identified by the court in <u>Eastman</u> consists of cases in which the courts have allowed compensation for preparation time, but have excluded time the expert spends on trial preparation.  <u>See, e.g.</u>, <u>Heiser v. Collarafi</u>, Civ. No. 1:14-cv-464, 2016 WL

1559592, at *3 (N.D.N.Y. April 18, 2016); Brew v. Ferraro, No. CIV 95-615, 1998 WL 34058048, at *2 (D.N.H. Sept. 1, 1998); Rhee v. Witco Chem. Corp., 126 F.R.D. 45,47 (N.D. Ill. 1989) ("An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation.").

In that category of cases, several courts have held that time spent in consultation with the retaining attorney is presumed not to be compensable under Rule 26(b)(4)(E). The theory adopted by those courts is that such time is likely to be in the nature of trial preparation, time consumed by the expert's preparation of the retaining party's attorney, or time taken by the retaining party's attorney in instructing the witness about how to respond to questioning at the deposition or trial, all of which benefit solely the retaining party, and not the deposing party. Musket Corp. v. Star Fuel of Okla., LLC, Case No. CIV-11-444, 2016 WL 1057800, at *9 (W.D. Okla. Mar. 14, 2016); Nnodimele v. City of New York, No. 13-CV-3461, 2015 WL 4461008, at *4 (E.D.N.Y. July 15, 2015); Ndubizu v. Drexel Univ., 2011 WL 6046816, at *7; Mock, 218 F.R.D. at 683; Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 647 (E.D.N.Y. 1997) (rule encompasses a reasonable fee "for time spent by an expert preparing for deposition, but not for the time the expert spent preparing the attorney who retained him"); Hose, 154 F.R.D. at 228 (expert seeking preparation compensation for reviewing records, not "for any time spent in conference with Plaintiff's counsel").

The third category of cases consists of those in which the courts have held that deposition preparation costs are normally not recoverable against the deposing party, but may be recovered in certain circumstances, such as if the case is complex, the records relevant to the deposition are voluminous, and/or the deposition is taken long after the time at which the expert's work was done. The rationale given by those courts is that in those circumstances a reasonable amount of

pre-deposition preparation is necessary in order for the expert to be able to perform with any degree of efficiency and reliability at the deposition; hence the preparation time can fairly be said to be "time spent in responding to discovery." See, e.g., Eastman, 2016 WL 795881, at \*6; Guantanamera Cigar Co. v. Corporacion Habanos, S.A., 729 F. Supp. 2d 246, 255 (D.D.C. 2010) (no payment for preparation time absent unusual circumstances, such as where the expert has to testify about particularly complex issues or where there has been a lapse of time between the completion of the expert's report and the expert's deposition); 3M Co. v. Kanbar, No. C06-1225, 2007 WL 2972921, at \*3 (N.D. Cal. Oct. 10, 2007) (no payment for preparation time unless case is complex or there are extenuating circumstances that require additional preparation time); Fisher v. Accor Hotels, Inc., No. Civ. A. 02-cv-8576, 2004 WL 73727, at \*1-2 (no payment for preparation time where case is not complex, the expert report was not lengthy, and there was no significant lapse of time between expert's work and the deposition; numerous cases cited); Fait v. Hummel, No 01 C 2771, 2002 WL 31433424, at \*4 (N.D. Ill. Oct. 30, 2002) (no fees for deposition preparation time "except in complex cases where the experts must review voluminous documents"); Royal Maccabees Life Ins. Co. v. Malachinski, No. 96 C 6135, 2000 WL 1377111, at \*6 (N.D. Ill. Sept. 25, 2000) ("time experts spend preparing for depositions is not compensable under Rule 26" unless the case is complex and there has been a considerable lapse of time between the expert's work on the case and the date of his actual deposition"); Brew v. Ferraro, No. CIV 95-615, 1998 WL 34058048, at \*2 (D.N.H. Sept. 1, 1998); M.T. McBrian, Inc. v. Liebert Corp., 173 F.R.D. 491, 493 (N.D. Ill. 1997) (preparation time not compensable unless the case is complex and there has been a considerable lapse of time between the expert's work and the deposition); McClain v. Owens-Corning Fiberglas Corp., No. 89 C 6226, 1996 WL 650524

(N.D. Ill. Nov. 7, 1996) (same); Benjamin v. Gloz, 130 F.R.D. 455, 456-57 (D. Colo. 1990) (same); Rhee v. Witco Chem. Corp., 126 F.R.D. 45, 47-48 (N.D. Ill. 1989) (same).

Finally, some courts have taken the position that deposition preparation time is not chargeable to the party seeking discovery under Rule 26(b)(4)(E) under any circumstances. See, e.g., Durkin v. Wabash Nat'l, Civil Action No. 10-2013, 2013 WL 5466930, at *3 (D.N.J. Sept. 30, 2013); Rock River Commc'ns, Inc. v. Universal Music Grp., 276 F.R.D. 633, 635-37 (C.D. Cal. 2011); cf. Patterson Farm, Inc. v. City of Britton, S.D., 32 F. Supp. 2d 1085, 1096 (D.S.D. 1998) (time expert spent reviewing transcript of his deposition is not compensable).

Those courts that have authorized compensation for deposition preparation time have frequently imposed limits on the amount of time chargeable for such preparation. Frequently, the courts have expressed those limits in terms of the permissible ratio of preparation time to deposition time. Although the relative amount of preparation time that courts have allowed for compensation purposes has varied with circumstances such as the complexity of the case and the number of documents the expert is expected to review, many courts have limited the recovery to preparation time that does not exceed the amount of deposition time, and most have declined to require payment for preparation time when the ratio of preparation time to deposition time exceeds three to one. See, e.g., Ushijima v. Samsung Elecs. Co., No. A-12-cv-318, 2015 WL 11251558, at *6 (limiting ratio of preparation time to deposition time to one-to-one even in a complex case); Se-Kure Controls, 873 F. Supp. 2d at 956 (3:1 ratio of preparation time to deposition time permissible); Goldberg v. 401 North Wabash Venture LLC, No. 09 C 6455, 2013 WL 4506071, at *5 (N.D. Ill. Aug. 23, 2013) (3:1 ratio reasonable in complex cases); Nordock Inc. v. Sys. Inc., 927 F. Supp. 2d 577, 583 (E.D. Wis. 2013) (3:1 ratio of preparation time to deposition time allowed in complex case); El Camino Res., Ltd. v. Huntington Nat'l Bank, No.

1:07-cv-598, 2012 WL 4794589, at *4 (W.D. Mich. Sept. 18, 2012) (3:1 ratio of preparation time to deposition time approved); United States ex rel. Liotine, 2012 WL 1252982, at *2 (approving l.7:1 ratio of preparation time to deposition time); LG Elecs., 2011 WL 5008425, at *4-5 (approving 3:1 ratio); Logan, Civil Action No. H-05-766, at 5 (approving 2:1 ratio); Packer, 243 F.R.D. at 42 (citing numerous cases approving compensation for a ratio of 1:1 or lower between preparation time and deposition time); Nilssen, 2007 WL 257711, at *4 (approving 3:1 ratio); Mannarino, 218 F.R.D. at 376 (8:1 ratio unreasonable).

The Court agrees with those courts that have allowed payment for preparation time, but only when the expert has used that time to prepare for the deposition.  Preparation consisting of the expert's reviewing his or her report and voluminous record materials that are pertinent to the expert's expected testimony can fairly be regarded as in the interest of the deposing party, as it may save time at the deposition.  Because the rationale underlying Rule 26(b)(4)(E) is to require the deposing party to pay for the expert's time when the expert's time is being expended for the benefit of that party, it makes sense to require the deposing party to pay not only for the expert's deposition time, but also for time necessary to the expert's appearance, such as travel time and time necessary to make the expert's deposition proceed more smoothly, such as deposition preparation time.

On the other hand, the deposing party should not have to pay for the expert's time that is used for other purposes, such as trial preparation, education of the retaining party's attorney, or instruction to the expert about how to handle questioning by opposing counsel.  Those activities afford no benefit to the deposing party and thus do not fall within the rationale of the Rule 26(b)(4)(E) for shifting the cost of the expert's time.

While it may not be immediately obvious whether particular steps taken by the expert constitute compensable preparation for the deposition or other, non-compensable activities, it is incumbent upon the Court to attempt to segregate the two types of activities in order to make a fair assessment of the deposing party's liability for preparation costs. In so doing, moreover, the Court must be mindful that the burden of proving the reasonableness of the preparation costs under Rule 26(b)(4)(E) falls on the retaining party. See, e.g., Nnodimele, 2015 WL 4461008, at *4; El Camino Res., Ltd., 2012 WL 4794589, at *4; Barnes, 274 F.R.D. at 316; Fiber Optic Designs, Inc., 262 F.R.D. at 594; Packer, 243 F.R.D. at 42. "In the absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation, the costs of the experts' purported preparation time will be denied." SP Techs., LLC v. Garmin Int'l, Inc., No. 08 CV 3248, 2014 WL 300987, at 8 (N.D. Ill. 2014).

In light of the principles developed in the foregoing authorities, the Court will follow this general approach: First, if the expert claims deposition preparation time, the claim must be in a case in which there was a significant amount of material for the expert to have to review in anticipation of the deposition. A simple case without, for example, substantial documentation either generated by or reviewed by the expert would not call for much, if any, compensable deposition preparation time. Second, time that the expert spends consulting with counsel for the retaining party is not likely to be preparation time that confers value on the deposing party. Thus, the expert's deposition preparation time should be itemized to make clear what portion of that time, if any, was spent in consultation with counsel or other representatives of the retaining party. Third, some showing must be made as to the nature of the expert's preparation work so that the Court can determine whether that work was necessary to make the deposition process more efficient and the preparation time reasonable.

As applied to this case, the Court will attempt to determine the extent to which claimed preparation costs will be deemed compensable by considering time spent by the expert in deposition preparation, but will exclude any time the expert spends in consultation with an attorney or other representative of the retaining party. In addition, the Court will consider whether the amount of preparation time claimed by the expert is reasonable in light of the volume of the materials reviewed by the expert and the length of the report on which the expert is to be deposed, as well as the length of time that passed since the expert worked with the materials and prepared the report. The overall complexity of the case will also be considered.

It is necessary for the expert to provide sufficient detail to the Court to enable the Court to make the determination required by Rule 26(b)(4)(E). In this case, Script has submitted the barebones invoices from the two experts. Both of the invoices merely distinguish between "deposition preparation" (or "deposition prep") and "expert deposition" (or "deposition"), without any further elaboration as to the nature of the "preparation" category. That is not sufficient to satisfy Script's burden of showing that the claimed preparation time was "spent in responding to discovery," as is required by the rule. Some facts are adequately established in the record as it now stands: the Court accepts Script's characterization of this case as "complex" for purposes of the Rule 26(b)(4)(E) analysis; the reports of the two experts are lengthy and the documentary evidence supporting their reports is voluminous (although their depositions occurred only shortly after their expert reports were filed, which may mitigate the need for preparation time); and the ratio of preparation time to deposition time (approximately 1.5:1 in both cases) is less than the 3:1 maximum rule of thumb adopted by some courts and not greatly in excess of the 1:1 maximum rule of thumb adopted by others. Nonetheless, there is insufficient

detail in the record regarding the nature of the experts' activities that were characterized as deposition preparation.

Ordinarily, the failure of proof by Script would be a sufficient ground for the Court to deny Script's motion to compel the payment of fees. In this case, however, Protection One has not objected to the payment on the ground that the documentation of the experts' expenses was not sufficiently detailed. For that reason, and because there was no authoritative prior precedent in this district requiring a detailed showing of the components of the experts' preparation time, the Court will give Script an opportunity to supplement the record by providing additional details as to the nature of the experts' preparation activities. That supplemental submission should disclose the general nature of the experts' preparation work, including, in particular, whether any of the charged preparation time was spent consulting with Script's counsel or other representatives. The supplemental documentation should be in the form of affidavits from the experts along with any additional documentary materials that may be pertinent. If Script submits such supplemental documentation within 10 days of the date of this order, the Court will consider whether to enter an order compelling Protection One to pay all or some of the expenses claimed. In the absence of any such submission, the motion will be denied.

IT IS SO ORDERED.

SIGNED this 10th day of November, 2016.


_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE