# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SCRIPT SECURITY SOLUTIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1030-WCB |
| | § | LEAD CASE |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is <u>Defendant Protection One's Motion to Redact Confidential Information From 10-07 Hearing Transcript</u>, Dkt. No. 339. The motion is DENIED.

Defendant Protection One Alarm Monitoring, Inc., ("Protection One") has requested that the Court order redaction of certain portions of the transcript of a telephonic hearing in this case held on October 7, 2016. Plaintiff Script Security Solutions, LLC, ("Script") has not filed a response to the motion. The requests for redaction relate to discussions of an agreement reached between Script and nonparty Alarm.com. That agreement recited that the terms of the agreement were confidential.

At a hearing on November 18, 2016, the Court explained to the parties that it would not take steps that would withdraw court materials from public access without a particularized showing of a strong justification for protecting the materials. Because it appeared that only non-party Alarm.com had any potential interest in maintaining the confidentiality of the agreement, the Court directed the parties to inform Alarm.com of the motion, and the Court gave any interested party or non-party 10 days within which to file a brief with the Court providing

justification for the proposed redactions of the hearing transcript. No brief or other communication was received from any party or non-party within that ten-day period.

Although parties frequently find it convenient to file briefs and other materials under seal and otherwise maintain the confidentiality of court proceedings, the Court has an independent duty to minimize the extent to which court proceedings are conducted in secret. The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also In re Violation of Rule 28(d), 635 F.3d 1352, 1356 (Fed. Cir. 2011); SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir.1993). In fact, "[t]here is a strong presumption in favor of a common law right of public access to court proceedings." United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir. 2010); In re Violation of Rule 28(d), 635 F.3d at 1356.

To be sure, the "right to inspect and copy judicial records is not absolute," Nixon, 435 U.S. at 598, and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to court records when necessary to ensure that those records "are not 'used to gratify private spite or promote public scandal,'" or "as sources of business information that might harm a litigant's competitive standing." Id.

The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." Id. at 599. The exercise of that discretion is not unguided, however. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'"

In re Violation of Rule 28(d), 635 F.3d at 1357 (quoting Nixon, 435 U.S. at 602). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Van Waeyenberghe, 990 F.2d at 850; see also id. ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'") (quoting Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that a district court's "discretion to seal the record of judicial proceedings is to be exercised charily," Van Waeyenberghe, 990 F.2d at 848, and the "decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" Holy Land, 624 F.3d at 690.

The principles governing the sealing of court materials have been applied differently in different settings. Where the materials relate to dispositive issues in the case, the interest in disclosure is at its greatest. It is in that setting that the burden on the party seeking to bar disclosure is the heaviest, and the moving party is accordingly required to make a compelling showing of particularized need to prevent disclosure. See Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092 (9th Cir. 2016). Where the materials relate to non-dispositive issues, the interest in disclosure is less compelling. In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting. See Foltz v. State Farm Mut. Auto Ins. Co., 333 F.3d 1122, 1135 (9th Cir. 2003); Chicago Tribune Co. v. Bridgestsone/Firestone,

Inc., 263 F.3d 1304, 1312-13 (11th Cir. 2001); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164-65 (3d Cir. 1993).  Finally, materials such as discovery that is exchanged between the parties and not made part of a court filing are typically not regarded as court materials at all and are therefore not subject to the public interest in open judicial proceedings. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) (discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it); Baxter Int'l Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the public record."); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach."); Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."); In re Sealing and Non-Disclosure of Pen/Trap/2763(d) Orders, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008).

The transcript at issue relates to Defendant Protection One Alarm Monitoring, Inc.'s Motion For Leave to Amend Answer to Script Security's Amended Complaint, Dkt. No. 212.  It therefore does not involve a discovery dispute but goes to the merits of the dispute in this case and thus is more akin to trial proceedings and dispositive motions.  The "compelling showing of particularized need" standard would therefore seem to apply to the present redaction request.  But even if that standard does not apply, at minimum a showing of "good cause" must be made to support the redaction request.  See Foltz, 333 F.3d at 1135; Anderson v. Cryovac, Inc., 805 F.2d at 13.

As noted, there has been no attempt by either party or any third party to demonstrate what specific prejudice or harm will result if the transcript is made public without the requested redactions. A naked request to redact will not suffice under either the "compelling showing of particularized need" standard or the "good cause" standard. The Court therefore DENIES the motion to redact.

IT IS SO ORDERED.

SIGNED this 1st day of December, 2016.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE